**FILED**

June 23, 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CJ_____
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|    Plaintiff | § | 1:20-MC-657-LY |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|    Defendant | § | |

## <u>EMERGENCY MOTION TO QUASH SUBPOENA</u>

TO THE HONORABLE UNITED STATES JUDGE:

Movant James McGibney respectfully asks this Court to enter an order quashing a subpoena issued for him in this case (Dkt. 182.) Movant states as follows in support of this motion.

### I.   BACKGROUND

1.   Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2.   Movant is not a party to this case and has never been a party to this case. Movant has not been personally served with a subpoena in this case.

3.   Movant is a witness with the Federal Bureau of Investigations and is currently assisting the FBI and the United States Government with the ongoing criminal investigation into Defendant Thomas Retzlaff. **Exhibit 1**.

4.   Although he is not a party to this case, Movant has a lengthy history of litigation against Thomas Retzlaff ("Mr. Retzlaff") who is the Defendant in this case

1

(previous case numbers include - Case No.: 5:14-CV-1059-BLF, Case No.: 114CH005460, Santa Clara, California and Case No.: 67-270669-14.) Mr. Retzlaff has stalked Movant and his family beginning in 2013 and it continues to this day. Mr. Retzlaff was previously the subject of a protective order issued for the benefit of Movant and his family, as well as Thomas Retzlaff's daughter, Brittany Retzlaff and Movant's attorney at the time, Jay Leiderman. A copy of the previous protective order is attached as **Exhibit 2**. Movant and his family are currently working to obtain a protective order against Mr. Retzlaff in Texas.

5. The Plaintiff in this case, Jason Van Dyke ("Mr. Van Dyke") is one of Movant's far more recent acquaintances. The general nature of the relationship between Movant and Mr. Van Dyke has been one of no more than providing occasional updates with respect to ongoing legal proceedings that pertain to Retzlaff. The Movant has never met Mr. Van Dyke in person. The allegations that Retzlaff and his counsel, Jeffrey Dorrell, made within Dkt. 138, now stricken, about the alleged relationship between Movant and Mr. Van Dyke are outrageous, defamatory and without merit. For example, "*The witness is an associate of Van Dyke who provides him with information and encouragement with regards to the plot to murder Retzlaff, Jeffrey L. Dorrell, Deb Armintor and other by Van Dyke and members of his Proud Boys gang.*" This comment alone should prove the constant harassment that Movant has dealt with at the hands of Thomas Retzlaff. It is for good reason that Mr. Retzlaff is listed as a "vexatious litigant" on the Texas Supreme Court's website. **Exhibit 3.**

2

## II.   FACTS

6.   On June 18, 2020, Movant learned through the "comments" section of a website located at www.viaviewfiles.net (commonly known as "BV Files" or "Bullyville Files") that Defendant allegedly issued a subpoena for his deposition *duces tecum* on June 23, 2020 at 4:00 p.m. Movant was not, nor has not, been personally served with a subpoena.

7.   The subpoena requires Movant to produce over six years of documents dating back to January 1, 2014 (Dkt 182, Exhibit A). However, the publicly available documents in this case show that this lawsuit solely concerns allegations made by Mr. Van Dyke against Mr. Retzlaff concerning conduct which occurred between approximately March of 2018 and January of 2020.

8.   Movant has been requested to produce documents which do not appear to bear any relevance to this case at all and which do not appear calculated to lead to the discovery of any evidence that is potentially relevant to any party's claims or defenses. These include:

A.  Communications between Mr. McGibney and Private Investigator Philip Klein (Mr. Klein is another stalking victim of Mr. Retzlaff) (Dkt 182, Exhibit A)

B.  Communications between Mr. McGibney and certain family members of Mr. Retzlaff (Dkt 182, Exhibit A), including Brittany Retzlaff, who has an active protective order against Mr. Retzlaff. **Exhibit 4**.

C.  Communications between Mr. McGibney and certain law enforcement

authorities and personnel, including the FBI. (Dkt 182, Exhibit A)

D.  Supposed surveillance conducted on Defendant by Mr. McGibney (Dkt 182, Exhibit A)

## III.  ARGUMENT

### A.  The Time Period to Comply Is Unreasonable

9.   Movant was made aware of this subpoena five days prior to the deposition date.

10.  The period set forth by Mr. Retzlaff to comply with this subpoena, especially when considering the extent of the production requested, is unreasonable.

11.  FRCP 45(d)(3) permits a court to quash a subpoena that does not permit a witness a reasonable amount of time to comply. Assuming that Movant is still in possession of the documentation requested of him by Mr. Retzlaff, he will have only five days to go through, compile, and potentially redact nearly seven years of records. This is unreasonable on its face where, if Movant had been a party to this case served with a request for production, he would have thirty days to compile and produce documents.

### B.  The Subpoena Subjects Movant to an Undue Burden

12.  In addition to having such a short period of time to compile all of the information necessary to comply with the subpoena, Movant will be required to expend a considerable sum of money to hire an attorney to represent Movant for this deposition. The average median hourly rate for an Attorney to represent Movant within this deposition (in Austin, TX) is $350.00. Movant has been quoted the following:

$350.00 x 6 hours of deposition time = $2,100.00

$350.00 x 2 hours for breaks or sidebars during the deposition = $700.00

$350.00 x 8 hours preparing for the deposition including document review = $2,800.00

**Estimated attorney's fees for non-party deposition = $5,600.00**

Movant is married with three children all under the age of 10 and cannot afford to retain counsel at this time.

13. Jeffrey Dorrell ("Mr. Dorrell") is the attorney for Mr. Retzlaff in this case. However, Mr. Dorrell is also presently the counsel for fugitive Neal Rauhauser, a known associate of Mr. Retzlaff, in case number 067-270669-14, McGibney v Retzlaff, in the 67th District Court of Tarrant County, Texas. There is a great risk to Movant that Mr. Dorrell will use this deposition as an opportunity to gain additional discovery in the Tarrant County case through a forum in which Movant is not represented by an attorney and cannot presently afford an attorney.

14. Legal representation for a deposition in this case would be beyond the scope of representation that Movant obtained from his attorney within the Tarrant County case.

15. Even if Movant was able to afford an attorney, Movant believes that it would be nearly impossible for that attorney to adequately prepare him for a deposition in this case during the course of five days. The reason for this is because of the toxic history between Movant and Mr. Retzlaff, which unfortunately is even lengthier than the history between Mr. Retzlaff and Mr. Van Dyke.

5

16. There is no way for Movant's rights to be adequately protected from Mr. Retzlaff and Mr. Dorrell in this proceeding unless Movant is fully represented and properly prepared by an attorney. This would impose an undue burden on Movant in light of the discovery needs of this case.

17. FRCP 43(d) allows a court to quash a subpoena when it would impose an undue burden on a non-party witness. This subpoena would be extremely burdensome to Movant and it is not intended to lead to the discovery of any evidence relevant to this case which could not be obtained from one or both of the parties.

## C. The Material Requested Is Not Relevant To This Case

18. Mr. Van Dyke provided Movant a copy of his pleadings in this case. Except to the extent that it appears he is potentially another victim of stalking and harassment by Mr. Retzlaff, Movant has no independent knowledge that would lead to relevant evidence or information designed to lead to the discovery of relevant evidence for either of the parties to this case.

19. It appears to Movant as though Mr. Retzlaff is seeking information concerning how Movant is aware that Mr. Retzlaff is the author of the "BV Files" or "Bullyville Files" blog. The sworn affidavit of law enforcement/Military Police officer Collin Retzlaff (Dkt. 22, Attachment 9) was the proof that was the genesis of the restraining order that movant, and his family, were granted in Santa Clara, California. Movants opinion as to whether or not Mr. Retzlaff runs the viaviewfiles.net blog is irrelevant to this case. Movant is not an expert witness in

this case nor has movant offered any expert testimony in this case.

20.   Movant is a layperson and does not fully understand all the issues in this lawsuit. However, as a layperson, it is unclear to Movant what kind of information is being sought by Mr. Retzlaff in this case that is necessary for the resolution of this lawsuit and which cannot be obtained elsewhere. FRCP 26(a) states "*Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. FRCP 26(b)(1).*"[1]

21.   The burden that Mr. Retzlaff seeks to impose on Movant is great. However, it is completely unclear to Movant why any of the information (especially that referenced in paragraph 7 above) has anything to do with this lawsuit or why any of the information Mr. Retzlaff seeks to obtain from Movant cannot be obtained just as easily from the parties to this case.

### D.   This Subpoena Was Issued for An Improper Reason

---

[1] Motions to Quash a Federal Rule 45 Subpoena – Important Considerations.  Laszlo Law (Blog).
https://www.laszlolaw.com/when-can-you-file-a-motion-to-quash-a-federal-rule-45-subpoena/ (acc'd 6/1/20)

22. As this Court is likely aware, between March 20, 2020 and April 29, 2020, Mr. Retzlaff filed three lawsuits in three separate courts against Mr. Van Dyke seeking a personal protection order against him. He filed in the 431st District Court of Denton County, the 271st District Court of Wise County, and the Superior Court of Maricopa County, Arizona.

23. Based upon information provided to Movant by Mr. Van Dyke, the protective order cases in the 271st District Court and the Superior Court of Maricopa County, Arizona have been resolved in favor of Mr. Van Dyke. A copy of the orders provided to Movant by Mr. Van Dyke are attached as **Exhibit 5**.

24. The case in the 431st District Court of Denton County is set for trial on June 29, 2020. According to Mr. Van Dyke, the discovery period in that case ended on May 30, 2020. However, Mr. Retzlaff has already sought leave of court to take Movant's deposition outside the discovery period in that case. A copy of this motion, which was provided to Movant by Mr. Van Dyke, is attached hereto as **Exhibit 6**. Movant was never served with a subpoena in that case.

25. Based upon the documents requested of him in the subpoena for this case, Movant believes that Mr. Retzlaff is improperly attempting to use the discovery period in this case as a means through which to obtain discovery for his protective order case against Mr. Van Dyke.

26. It also appears to Movant that Mr. Retzlaff and Mr. Dorrell are attempting to use the protective order cases against Mr. Van Dyke as a means through which to gain an inappropriate, unethical, or illegal advantage in this case. According to

the email attached as **Exhibit 7**, Mr. Dorrell tendered to Mr. Van Dyke an offer

for dismissal of the protective order cases in exchange for $500,000.00 and the

dismissal of this lawsuit with prejudice. To a layperson, this appears to be

extortion. At the very least, it appears to be a violation of Rules 4.04(a) and

4.04(b)(1) of the Texas Disciplinary Rules of Professional Conduct for lawyers.

27. Movant would also like to note that he learned from the "BV Files" or "Bullyville

Files" blog that Mr. Retzlaff took Mr. Van Dyke's deposition for six hours on

May 28, 2020, in the protective order case from the 431st District Court. Movant

has also learned that portions of Mr. Van Dyke's deposition have already been

uploaded to Mr. Retzlaff's alleged YouTube Channel entitled, "A Vexatious

Litigant" (https://www.youtube.com/channel/UCez4uakafoE4S_5G_pKS8JA).

With respect to the blog, this Court has undoubtedly been made aware of the type

of content on this blog while presiding over this case. The following is the current

headline of that blog:



28.  Movant is a former United States Marine, who served tours of duty with Third

Surveillance Reconnaissance Intelligence group and Marine Security Guard

Battalion. Movant will refrain from responding to the defamatory title of that blog

post. However, it should be noted that material from Mr. Van Dyke's deposition

on May 28, 2020 has already appeared in certain sections of this blog. The

following are recent comments that Movant has personally observed on the blog

(source: viaviewfiles.net)



29.  Movant believes that Mr. Retzlaff is using the discovery process in this case as a conduit through which to further harass Movants family, his co-workers and himself, and to obtain new content for his alleged blog. FRCP 45(d)(1) says: "*A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.*" Unfortunately, Mr. Retzlaff has an extensive history of using depositions to further his harassment of his victims. For example, your Honor, within Case: 5:08-cv-00170-OLG, **Exhibit 8**, Mr. Retzlaff stated the following, ***"my filing lawsuits and dragging their asses into court and into depositions is a kind of therapy for me. It lets me work off my extreme hate that I have for these people in a manner that is both productive and beneficial to me."***

30.  Movant should not be required to undergo, at his own expense, the burden of locating and producing nearly seven years' worth of documents and then retaining counsel to prepare for and attend a deposition in this case when it is readily apparent that the deposition is intended solely to harass him, obtain potential evidence in a case for which discovery is already closed, and obtain material for Mr. Retzlaff to use on his alleged blog.

## IV.  CONCLUSION

31. Mr. Retzlaff is a serial stalker with many victims nationwide. Movant is one of those victims. A deposition of Movant in this case is particularly inappropriate because Mr. Retzlaff's attorney, Mr. Dorrell, is representing a known associate of Mr. Retzlaff in a different case in which Movant is a party and represented by counsel. Permitting this deposition to go forward would either require Movant to expend additional attorney fees in that case or be examined by an adversary attorney without the benefit of legal counsel. Accordingly, the burden imposed by this subpoena on Movant – both in terms of the time limits imposed and the actions and expenditures required of him - could not possibly be higher.

32. The materials requested of Movant demonstrate that the true purpose of this deposition is to allow Mr. Retzlaff to gain discovery that is not presently available to him in another case involving Mr. Van Dyke and to permit Mr. Retzlaff to obtain additional material to publish on his alleged blog. Mr. Retzlaff should not be permitted to utilize a deposition in this case for such purposes and the subpoena should be quashed.

33. Movant has standing to challenge the above-referenced subpoena because the subpoena affects his personal rights and privileges with respect to the materials subpoenaed.

34. The subpoena request records pertaining to information that is not relevant to this matter. The subpoena is impermissible under Federal Rules of Civil Procedure 26(b)(1) which allows for discovery only of those matters which are relevant to

the subject matter of the action.

35.   This subpoena request is irrelevant, not reasonably calculated to lead to the

discovery of admissible evidence, designed solely for purposes of harassment and

constitutes an unnecessary invasion of privacy.

36.   Defendant is merely attempting to conduct an impermissible "fishing expedition"

and to continue his relentless harassment of Movant. This is yet another example

of Mr. Retzlaff attempting to get a "free shot" against Movant through improper

discovery. Case: 5:14-cv-01059-BLF, **Exhibit 9.**

37.   Lastly, your Honor, Movant would like to respectfully draw your attention to

**Exhibit 10.** On June 18, 2020, Mr. Retzlaff filed "Petitioner's Request for

Issuance of a Bench Warrant for the Arrest of Fugitive Witness James Alexander

McGibney" within Case No. 20-2579-431. In yet another example of Retzlaff's

continuous campaign of stalking and harassment, on page 6, he included Movants

unredacted SSN and Texas DL #. Movant has redacted each before filing this

quash motion. Retzlaff also continues to stalk and harass Movants co-workers,

which can be found on page 6 & 10 within **Exhibit 10**. Movant took the liberty of

redacting his co-workers alleged home address that Retzlaff including within his

filing. A subpoena for Movant was never issued in that case and Movant was

never served with a subpoena in that case.

# V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court

enters an order quashing the subpoena (Dkt 182) and protect him from discovery in

this case.

Respectfully submitted,


/s/ James McGibney
James McGibney
4305 Ridgebend Dr
Round Rock, TX 78665
Phone: 408-601-0685
Email: james@bullyville.com
Movant, Pro Se

## CERTIFICATE OF CONFERENCE

I certify that, on June 18, 2020 I conferred with Jason Lee Van Dyke, Plaintiff, in this case.
He stated to me that he is in full agreement with the relief I have requested in this motion.

I also conferred with Jeffrey Dorrell, attorney for Thomas Retzlaff, concerning this motion
on June 18, 2020. Mr. Dorrell stated to me that he is respectfully opposed to the relief
requested in this motion.

Accordingly, it is presented to the Court for determination.

/s/ James McGibney
JAMES MCGIBNEY

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this motion was sent to both Jason Lee Van Dyke and Jeffrey Lee Dorrell through FedEx for delivery by Monday, 6-22-2020.

<u>/s/ James McGibney</u>
JAMES MCGIBNEY

# Exhibit 1

IN THE UNITED STATES DISTRICT FOR THE
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:18-CV-247-ALM |
| | § | |
| THOMAS CHRISTOPHER | § | |
| RETZLAFF, a/k/a DEAN | § | (Expedited Relief Requested) |
| ANDERSON, d/b/a BV FILES, VIA | § | |
| FILES, L.L.C., and VIAVIEW | § | |
| FILES, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO QUASH SUBPOENA

Nonparty, United States of America hereby moves pursuant to Fed. R. Civ. P. 45 and 28 U.S.C. § 517 for an order quashing the subpoena for documents and deposition testimony of James McGibney filed by Defendant Thomas Christopher Retzlaff ("Defendant") on June 18, 2020 (Dkt. 182).[1]

The subpoena seeks a wide range of communications, information and materials generated in connection with Mr. McGibney's work as a witness with the Federal Bureau of Investigation ("FBI"). The requested communications, information and materials are not relevant to the matters in issue, in this action. Disclosure would divulge protected law enforcement information unrelated to the matters in issue in this action, including information concerning an FBI investigation of Defendant Retzlaff, as well as the identities and personal information of potential victims, witnesses and law enforcement personnel. Additionally, the subpoena commands the production of documents and a deposition on June 23, 2020, just three business days after the subpoena was filed, severely prejudicing the ability of the government (and Mr. Gibney) to obtain relief from this Court. For these reasons, discussed more fully below,

---

[1] The Plaintiff issued a similar subpoena to the local prosecutor's office. *See* (Dkt. 173 and 180)

- 1 -

the government respectfully requests that the Court quash the subpoena docketed as Document
No. 182.  Due to the severely limited time allowed by the subpoena and the imminent harm in
compliance with the subpoena, the United States requests expedited consideration of this motion
and an order either quashing the subpoena or relieving Mr. McGibney of any obligation under
the subpoena until these issues can be resolved.  This motion is supported by the Declaration of
FBI Special Agent Walker Wicevich, attached hereto as Exhibit A.

BACKGROUND

On March 28, 2018, Plaintiff Jason Lee Van Dyke ("Plaintiff") filed suit against
Defendant in the 431st State District Court of Texas.  On April 10, 2018, Defendant removed the
case to federal court.  Plaintiff's claims revolve around allegedly harassing, false, and defamatory
statements and publications made by Defendant about Plaintiff. (Dkt. 113.)

Plaintiff alleges that on or around December 20, 2017, Defendant filed a frivolous
grievance against him with the State Bar of Texas. *Id.*  Plaintiff states that on or around March 8,
2018, the website "BV Files" located on www.viaviewfiles.net ("BV Files") publically posted
confidential information. *Id.*  Plaintiff alleges Defendant received this information in a letter
from the Board of Disciplinary Appeals ("BODA") regarding Plaintiff's bar grievance.  *Id.*
Plaintiff also alleges that Defendant posted content on BV Files accusing Plaintiff of being a
Nazi, white supremacist, pedophile, drug addict, having a criminal record involving abusing
women, and that he was involved in revenge pornography and unwanted sexual solicitations. *Id.*
Plaintiff alleges Defendant emailed his employers at Karlseng, Leblanc & Rich, LLC, claiming
Plaintiff was a Nazi, a white supremacist, and that he had a criminal record involving abuse of
women.  Plaintiff alleges his employer subsequently terminated his position because of
Defendant's emails. *Id.*  Plaintiff accuses Defendant of sending him harassing emails. *Id.*
Plaintiff alleges that Retzlaff and BV Files frequently target attorneys and other individuals who
have previously assisted victims of revenge pornography, including the target of this subpoena,
James McGibney. *Id.*

Defendant denies the claims and alleges Plaintiff plotted to assassinate him. (Dkt. 139.)

- 2 -

Defendant argues that BV Files' content is protected speech immune from Plaintiff's defamation claims. *Id.* Defendant also claims that Plaintiff is a limited-purpose public figure and not protected by his asserted defamation claims. *Id.* Neither Plaintiff's claims nor Defendant's defenses allege that James McGibney is involved in any way in this case.[2]

The FBI has an ongoing criminal investigation against Defendant Retzlaff involving allegations of computer-related crimes, including cyberstalking and online harassment. (Ex. 1, ¶ 2.) Mr. McGibney is a cooperating FBI witness in the ongoing criminal investigation against Defendant Retzlaff. (*Id.* ¶ 3.) The communications, information and materials exchanged between Mr. McGibney and the FBI, requested by this subpoena, relate to criminal investigations against Defendant Retzlaff and others. (*Id.* ¶ 4.) The FBI's ongoing investigation of Defendant Retzlaff includes communication, information and materials exchanged between Mr. McGibney and various state law enforcement agencies. *Id.* The communications and materials exchanged between Mr. McGibney and the FBI include a host of nonpublic information about the FBI's activities related to Defendant Retzlaff and other individuals. (*Id.* ¶ 5.) As confirmed by the FBI, disclosure would jeopardize FBI investigations into Defendant Retzlaff and others, and assist in evasion, by providing insight into law enforcement activities; how the investigations are being conducted and by whom; what information the FBI has in relation to the investigations; the techniques being used to gather the information; the identities and personal information concerning sources, witnesses, victims, and law enforcement agents; and more. (*Id.* ¶ 5.) As also confirmed by the FBI, disclosure would subject the individuals identified in the materials to potential harassment and reprisal, and hinder the FBI's investigations. (*Id.* ¶ 6.)

On June 12, 2018, the FBI executed a search warrant at Defendant Retzlaff's residence in El Mirage, Arizona. (*Id.* ¶ 7.) While executing the search warrant, the FBI seized numerous pieces of evidence including a computer. Defendant Retzlaff was present while the FBI searched his residence. During execution of the search warrant, Defendant Retzlaff asked an FBI agent if

---

[2] Defendant and Mr. McGibney were involved in a separate, unrelated civil lawsuit in Tarrant County, Texas. *See McGibney v. Thomas Retzlaff,* Cause No. 067-270669-14.

- 3 -

Case 4:18-cv-00247-ALM   Document 185   Filed 06/22/20   Page 4 of 8 PageID #:   4275

Mr. McGibney was behind the search warrant. The agent did not share any details of the investigation with Defendant. (*Id.* ¶ 9.)

On June 18, 2020, in connection with this unrelated civil action, Defendant Retzlaff filed Mr. McGibney with a Notice of Issuance of Subpoena and Notice of Deposition Duces Tecum (Dkt. 182.) (the "Subpoena"). The Subpoena commands Mr. McGibney produced records and attend a deposition on June 23, 2020. The Subpoena encompasses law enforcement investigations of Defendant Retzlaff; investigative methods and techniques, the identities and PII of nonparty victims, witnesses and law enforcement officials, and law enforcement activities:

> All communication, emails and material exchanged between Mr. McGibney and all law enforcement, including the F.B.I and Special Agent Walker Wicevich. *See* (Dkt. 182-1, ¶ ¶ 11, 12, & 13).

> All communication, emails and material exchanged between Mr. McGibney and the F.B.I concerning Mr. Van Dyke. *See* (Dkt. 182-1, ¶ ¶ 12 & 13).

> All communication, emails and material exchanged between Mr. McGibney and the F.B.I showing how Defendant was associated with the BV Files blog. *See* Dkt. (182-1, ¶ ¶ 2, 3, 12 & 13).

> All documents pertaining to any technical, scientific, or investigative methods used to determine Defendant is associated with the "BV Files" blog located at www.ViaViewFiles.net. *See* (Dkt. 182-1, ¶ 4).

> All communication, emails and material reflecting any surveillance activities performed or supported by Mr. McGibney on Defendant or any of his family members. *See* (Dkt. 182-1, ¶ 15).

> All communication, emails and material exchanged between Mr. McGibney and Philip Klein, Brittany Retzlaff, and Collin Retzlaff. *See* (Dkt. 182-1, ¶ ¶ 8-10).

> All communication, emails and material exchanged between Mr. McGibney and all law enforcement. *See* (Dkt. 182-1, ¶ 13).

In addition to allowing only three business days for compliance from the date of service, the Subpoena comes three business days before this action's discovery deadline.

- 4 -

## ARGUMENT

Under 28 U.S.C. § 517, "The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." The government files this motion to protect its substantial interests implicated by the Subpoena.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies," Fed. R. Civ. P. 45(d)(3)(A)(iii); *Whole Woman's Health v. Smith*, 896 F.3d 362, 374 (5th Cir. 2018), *as revised* (July 17, 2018), *cert. denied sub nom. Whole Woman's Health v. Texas Catholic Conference of Bishops*, 139 S. Ct. 1170, 203 L. Ed. 2d 198 (2019) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004)). Additionally, subpoenas are subject to the relevance and proportionality standards set forth in Fed. R. Civ. P. 26. *See, e.g., MetroPCS v. Thomas*, No. 3:18-MC-29-K-BN, 2018 WL 2933673, at *9 (N.D. Tex. June 12, 2018); *Whitley v. Pinnacle Entm't, Inc.*, No. CV 15-595-BAJ-RLB, 2016 WL 6154938, at *2 (M.D. La. Oct. 21, 2016). *Rodriguez v. Bryan Truck Line, Inc.*, SA-17-CV-1103-XR, 2018 WL 7348032, at *2 (W.D. Tex. Sept. 18, 2018). Discovery is limited to non-privileged matters that are both relevant to the claims or defenses and, additionally, proportional to the needs of the case, taking into account, *inter alia,* the importance of the discovery in resolving the issues and whether the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Where good cause exists, a court may enter an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(I). The Court may, *inter alia,* forbid the discovery, limit the scope of discovery, and/or require the discovery to be taken in a different manner than that chosen by the party seeking discovery. *See* Fed.R.Civ.P. 26(c)(I)(A-H); *see also Robinson v. City of Philadelphia*, 233 F.R.D. 169, 171 (E.D. Pa. 2005) (denying deposition of plaintiff regarding her conversations with the FBI); *Cofield v. City of LaGrange, Ga.*, 913 F. Supp. 608, 611-618

- 5 -

(D.D.C. 1996) (denying access to sensitive governmental information).

First, the information subject to the Subpoena is not relevant to the matters in issue in this litigation. This is a defamation action having nothing to do with Mr. McGibney or the FBI, Mr. McGibney's work as a witness with the FBI, or any law enforcement investigations of Defendant Retzlaff or others. None of the requested information bears on the claims or defenses in this action. Instead, the subpoena seeks information concerning the FBI's criminal investigation of Defendant Retzlaff, the FBI's execution of a search warrant upon Defendant Retzlaff, what Mr. Retzlaff believes is Mr. McGibney's role in that investigation and search warrant, Mr. McGibney's role in other criminal and civil matters, and identities and related information of victims, witnesses and law enforcement agents. The subpoena is directed to apparent personal matters between Defendant Retzlaff and Mr. McGibney unconnected to the factual and legal issues in this action, and to obtaining protected information about the FBI's activities and ongoing investigation of Defendant Retzlaff and others.

Second, the information subject to the subpoena is nonpublic protected law enforcement information, the disclosure of which would cause substantial harm. Encompassed by the subpoena are materials and information generated in connection with FBI investigations of Defendant Retzlaff and others. The materials give a picture of information received by the FBI in connection with investigations; steps taken in the investigations; how the investigations are being conducted and by whom; what information the FBI has in relation to the investigations; the techniques being used to gather the information; and the identities and personal information of sources, witnesses, victims, and law enforcement agents. Disclosure would provide the target of an FBI investigation unprecedented insight, would jeopardize the FBI's activities, and would subject individuals to potential harassment and reprisal. The harm in disclosure is substantial. The Fifth Circuit recognizes that information relating to pending law enforcement investigations is privileged and shielded from disclosure in civil matters such as this one. *In re United States Dep't of Homeland Sec.,* 459 F.3d 565, 570 (5th Cir. 2006).

Last, the timing of the Subpoena is highly prejudicial. The Subpoena allows three

business days for compliance.  Rule 45 provides that the district court shall quash or modify a

subpoena where, as here, the subpoena does not allow a reasonable time to comply.  Fed. R. Civ.

P. 45(d)(3)(A)(i); *Hamilton v. Ochsner Health Sys., Inc.*, CIV.A. 12-1398, 2012 WL 6725609, at

*3 (E.D. La. Dec. 27, 2012).  "[S]erving a subpoena for a deposition five calendar days before …

the commanded deposition fails to allow a reasonable time to comply."  *Traut v. Quantum*

*Servicing, LLC,* 3:18-MC-14-D-BN, 2018 WL 1035134, at *9 (N.D. Tex. Feb. 23, 2018.).  Here,

Defendant filed the subpoena three business days before the commanded deposition on the last

day set for discovery in this action.

### CONCLUSION

For all the foregoing reasons, the United States requests that the Court quash the

Subpoena.  Due to the insufficient time allowed by the Subpoena and imminent harm in

compliance with the Subpoena, the United States also requests expedited consideration of this

motion and, if necessary, an order relieving Mr. McGibney of any obligation under the subpoena

until such time as the Court may decide whether to quash the Subpoena.

Respectfully submitted,

STEPHEN J. COX
United States Attorney

/s/ *Aimee M. Cooper*
AIMEE M. COOPER
Assistant United States Attorney
Lead Attorney
Texas State Bar No. 24061167
United States Attorney's Office
101 East Park Blvd., Suite 500
Plano, Texas 75074
Telephone: (972) 943-3597
Telefax: (972) 509-1209
aimee.cooper@usdoj.gov

**ATTORNEYS FOR THE**
**UNITED STATES OF AMERICA**

- 7 -

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 22, 2020, I conferred with Defendant's counsel, Jeffrey Dorrell who opposes the motion, at least in part. Counsel for the Defendant represented that he did not concur with the motion but, that he would "stipulate that we are not seeking documents relating to McGibney's acting as a witness in matters unrelated to Retzlaff. But McGibney's history of making false statements and using FBI complaints to retaliate against his hatred enemy Retzlaff are relevant to McGibney's as a witness against Retzlaff."

/s/ *Aimee M. Cooper*
AIMEE M. COOPER

## CERTIFICATE OF SERVICE

I certify that on this 22th day of June, 2020, a true copy of this motion with attachments was served on all counsel of record by way of the Court's CM/ECF system.

/s/ *Aimee M. Cooper*
Aimee M. Cooper

- 8 -

# **Exhibit A**

IN THE UNITED STATES DISTRICT FOR THE
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:18-CV-247-ALM |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF, | § | |
| a/k/a DEAN ANDERSON, d/b/a BV FILES, | § | |
| VIAVIEW FILES, L.L.C., and VIA VIEW | § | |
| FILES, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF WALKER WICEVICH

I, Walker Wicevich, testify as follows:

1.     I am a Special Agent at the Federal Bureau of Investigation ("FBI") in Phoenix, Arizona. I have held this position since 2009. As part of my duties, I investigate federal criminal activity and specialize in computer-related crimes, including cyberstalking and online harassment.

2.     The FBI has an ongoing criminal investigation against Thomas Christopher Retzlaff that involves allegations of computer-related crimes, including cyberstalking and online harassment. I am the case agent, and I am involved in all aspects of the investigation.

3.     James McGibney is a cooperating FBI witness in the ongoing criminal investigation against Mr. Retzlaff and others.

4.     I have reviewed the subpoena served upon James McGibney by Defendant Thomas Retzlaff in this action.

5.     The subpoena encompasses nonpublic communications, information and materials generated between Mr. McGibney and the FBI relating to the ongoing criminal investigation against Mr. Retzlaff and others. The investigation also includes communication, information, and material exchanged between Mr. McGibney and various state law enforcement agencies. Disclosure would jeopardize FBI investigations into Mr. Retzlaff and others and assist in evasion

by providing insight into law enforcement activities; how the investigations are being conducted and by whom; what information the FBI has in relation to the investigations; the techniques and methods being used to gather the information; and the identities and personal information concerning sources, witnesses, victims, and law enforcement agents.

     6.     The communications, information and materials exchanged between Mr. McGibney and the FBI, that are subject to the subpoena, also contain FBI investigative methods and techniques that are unknown to the public. Their disclosure would jeopardize FBI investigations, including the FBI's activities as they relate to Mr. Retzlaff.

     7.     The communications, information and materials exchanged between Mr. McGibney and the FBI, that are subject to the subpoena include identities and personal identifying information of nonparty victims, witnesses and law enforcement officials. Disclosure would be an unjustified intrusion on their privacy and subject them to potential harassment and reprisal.

     8.     On June 12, 2018, the FBI executed a search warrant at Defendant's residence in El Mirage, AZ.

     9.     While executing the search warrant, the FBI seized numerous pieces of evidence including a computer. Mr. Retzlaff was present while the FBI searched his residence. During execution of the search warrant, Mr. Retzlaff asked me whether James McGibney was behind the search warrant. I did not share any details of the investigation with Mr. Retzlaff.

     10.     The information provided in this Declaration is based on my personal knowledge and information obtained in the performance of my duties at the FBI

     11.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

     EXECUTED this  22  day of June, 2020.

*Walker Wicevich*

Walker Wicevich
Special Agent, Federal Bureau of Investigation

- 2 -

# Exhibit 2

**WV-130**  **Workplace Violence Restraining Order After Hearing**

UCS

Clerk stamps date here when form is filed.

CCPOR  FILED

2014 JUL 30 P 3: 21

David H. Yamasaki, Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____
B. AGNEW

① **Petitioner (Employer)**

a. Name: Via View Inc.

Lawyer for Petitioner *(if any, for this case):*

Name:  Jay Leiderman     State Bar No.: 203,336

Firm Name:  Law Offices of Jay Leiderman

b. Your Address *(If you have a lawyer, give your lawyer's information.):*

Address:  5740 Ralston St., 300

City:  Ventura     State:  CA   Zip: 93003

Telephone:  (805) 654-0200     Fax:  (805) 654-0280

E-Mail Address:  jay@criminal-lawyer.me

Fill in court name and street address:

Superior Court of California, County of Santa Clara
191 N. First Street
San Jose, CA 95113
CIVIL DIVISION

Court fills in case number when form is filed.

Case Number:
114CH005460

② **Employee (Protected Person)**

Full Name:  James McGibney

③ **Respondent (Restrained Person)**

Full Name:  Thomas Christopher Retzlaff

Description:

Sex: ☒ M   ☐ F Height: *unkn*  Weight: *unkn*  Date of Birth: **3-14-1966**

Hair Color: brown     Eye Color: brown     Age: 48   Race: White

Home Address *(if known)*: 8312 W. Elm Street

City: Phoenix     State: AZ   Zip: 85037

Relationship to Employee:

④ ☒ **Additional Protected Persons**

In addition to the employee, the following family or household members or other students are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Employee |
|---|---|---|---|---|
| Brittany Retzlaff | F | 28 | ☐ Yes  ☒ No | employee |
| Jason S. Leiderman | M | 43 | ☐ Yes  ☒ No | employee |
|  |  |  | ☐ Yes  ☐ No |  |

☐ Additional protected persons are listed at the end of this Order on Attachment 4.

⑤ **Expiration Date**

*This Order, except for any award of lawyer's fees, expires at:*

Date: 28 July, 2017     Time: 11:59:00 AM     ☐ a.m.  ☒ p.m.

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2014, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.9
Approved by DOJ

**Workplace Violence Restraining Order
After Hearing (CLETS-WHO)**
(Workplace Violence Prevention)

WV-130, Page 1 of 6
→

29

Case Number:
114CH005460

### (6) Hearing

a. There was a hearing on *(date):* 7-29-14 _____ at *(time):* 9:00am _____ in Dept.: 19 _____ Room: _____
   *(Name of judicial officer):* Socrates P. Manoukian _____ made the orders at the hearing.

b. These people were at the hearing:
   (1) ☐ The petitioner/employer representative *(name):* _____
   (2) ☒ The lawyer for the petitioner/employer *(name):* Jason S. Leiderman _____
   (3) ☒ The employee      (4) ☐ The lawyer for the employee *(name):* _____
   (5) ☒ The respondent ✸   (6) ☒ The lawyer for the respondent *(name):* Katrina Saleen (Specially Appearing)
   ☐ Additional persons present are listed at the end of this Order on Attachment 5.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____

*✸ via skype* ~SPM~

*SPM Coartial*

| To the Respondent |
|---|

**The court has granted the orders checked below. If you do not obey these orders, you can be
arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up
to $1,000, or both.**

### (7) Personal Conduct Orders

a. You are ordered **not** do the following things to the employee
   ☒ and to the other protected persons listed in ④:
   (1) ☒ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or
       disturb the peace of the person.
   (2) ☒ Commit acts of violence or make threats of violence against the person.
   (3) ☒ Follow or stalk the person during work hours or while going to or from the place of work.
   (4) ☒ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by
       telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax,
       or by other electronic means.
   (5) ☒ Enter the person's workplace.
   (6) ☒ Take any action to obtain the person's address or locations. If this item is not checked, the court has
       found good cause not to make this order.
   (7) ☐ Other *(specify):*
       ☐ Other personal conduct orders are attached at the end of this Order on Attachment 7a(7).

   _____
   _____
   _____
   _____
   _____
   _____

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related
   to a court case is allowed and does not violate this order.

| This is a Court Order. |
|---|

**Workplace Violence Restraining Order
After Hearing (CLETS-WHO)
(Workplace Violence Prevention)**

WV-130, Page 2 of 6
→

Case Number:
114CH005460

(8) **Stay-Away Order**

a. You must stay at least ___1,000___ yards away from *(check all that apply)*:

(1) ☒ The employee

(2) ☒ Each other protected person listed in ④

(3) ☒ The employee's workplace

(4) ☒ The employee's home

(5) ☒ The employee's school

(6) ☒ The employee's children's school

(7) ☒ The employee's children's place of child care

(8) ☒ The employee's vehicle

(9) ☐ Other *(specify)*:

b. This stay-away order does not prevent you from going to or from your home or place of employment.

(9) ☒ **No Guns or Other Firearms and Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. If you have not already done so, you must:

(1) Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns have been turned in, sold, or stored. *(You may use Form WV-800, Proof of Firearms Turned In, Sold, or Stored for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm.

(10) ☒ **Costs**

You must pay the following amounts for costs to the petitioner

| Item | Amount | Item | Amount |
|---|---|---|---|
| 3 TRO Hearings | $ 7,500.00 | | $ |
| 1 TRO Hearing | $ 2,500.00 | | $ |
| | $ | | $ |

☐ Additional amounts are attached at the end of this Order on Attachment 10.

(11) ☒ **Other Orders** *(specify)*:

Counsel to submit invoice for attorney fees.

_____

_____

_____

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 11.

**This is a Court Order.**

**Workplace Violence Restraining Order
After Hearing (CLETS-WHO)
(Workplace Violence Prevention)**

| Case Number: |
|---|
| 114CH005460 |

**To the Person in ①:**

(12) **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-o f-service form into CARPOS.

b. ☒ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the petitioner or the petitioner's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

Name of Law Enforcement Agency                    Address  *(City, State, Zip)*

_____              _____

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

(13) **Service of Order on Respondent**          *via Skype (partial). Order served on Respondent's counsel.* SPM

a. ☒ The ~~Respondent~~ personally attended the hearing. No other proof of service is needed.

b. ☐ The respondent did not attend the hearing.

(1) ☐ Proof of service of Form WV-110, *Temporary Restraining Order*, was presented to the court. The judge's orders in this form are the same as in Form WV-110 except for the expiration date. The respondent must be served with this Order. Service may be by mail.

(2) ☐ The judge's orders in this form are different from the temporary restraining orders in Form WV-110. Someone—but not the petitioner or anyone protected by this order—must personally serve a copy of this Order on the respondent.

(14) **No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because the Order is based on unlawful violence, a credible threat of violence, or stalking.

(15) Number of pages attached to this Order, if any: **1**

Date: **30 July 2014 nunc pro tunc to 29 July 2014**

Judicial Officer    SOCRATES P. MANOUKIAN

**This is a Court Order.**

**Workplace Violence Restraining Order**
**After Hearing (CLETS-WHO)**
(Workplace Violence Prevention)

WV-130, Page 4 of 6
→

| Case Number: |
|---|
| I14CH005460 |

## ▓ Warning and Notice to the Respondent ▓

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑨. The court will require you to prove that you did so.

## ▓ Instructions for Law Enforcement ▓

### Enforcing the Restraining Order
This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders
This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ⑤ on page 1.

### Arrest Required If Order Is Violated
If an officer has probable cause to believe that the restrained person had notice of this order and has disobeyed it, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service
The law enforcement agency must first determine if the restrained person had notice of the orders. Consider the restrained person served (given notice) if (Pen. Code, § 836(c)(2)):

• The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
• The restrained person was at the restraining order hearing or was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person
Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

## ▓ This is a Court Order. ▓

Revised July 1, 2014

**Workplace Violence Restraining Order
After Hearing (CLETS-WHO)**
(Workplace Violence Prevention)

WV-130, Page 5 of 6
→

Case Number:
114CH005460

## Conflicting Orders—Priorities for Enforcement

**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** (See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

*Clerk's Certificate*                    *(Clerk will fill out this part.)*
*[seal]*                              **—Clerk's Certificate—**

I certify that this *Workplace Violence Restraining Order After Hearing* is a true
and correct copy of the original on file in the court.

Date: _____          Clerk, by JUL 3 0 2014 _____ , Deputy

**This is a Court Order.**

**Workplace Violence Restraining Order**                    WV-130, Page 6 of 6
**After Hearing (CLETS-WHO)**
**(Workplace Violence Prevention)**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Via View Inc. vs. Retzlaff | 114CH005460 |

ATTACHMENT *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

Additional protected persons

| Full Name | SEX | AGE | Lives with you | How are they related to you |
|---|---|---|---|---|
| Christina McGibney | F | 32 | Yes | wife |
| Aiden McGibney | M | 4 | Yes | son |
| Kade McGibney | M | 2 | Yes | son |
| Liam McGibney | M | 17 weeks | Yes | son |

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

# Exhibit 3

Office of Court Administration
List of Vexatious Litigants
Subject to Prefiling Orders under Section 11.101, Civil Practice and Remedies Code

| Vexatious Litigant | | | | Other Known Names Used | Date | Cause # | Court | County | Style |
|---|---|---|---|---|---|---|---|---|---|
| Last Name | Suffix | First Name | Middle Name | | | | | | |
| Porter | | Cheryl | | | 11/9/2012 | 2012-002030-1 | CCL #1 | Tarrant | Cheryl Porter v. Midfirst Bank; Midland Mortgage; JP Court PC3, its Persons, Officers, Agents, Assignees, State Bar Associations, etc.; Office of Constable Zane Hilger, Zane Hilger, Individually and dba Constable of Precinct No. 3, its Persons, Officers, Agents, Assignees; Lauren E. Christoffel, Assignees, State Bar Association, State Bar Associations, etc.; T. Ross, Substitute Trustee, Assignees, State Bar Association, State Bar Associations, etc.; Judge Russell B. Casey Justice of the Peace, Precinct Three, Office of the Justice of the Peace, Precinct Three *NOTE: Prefiling order applies only to litigation filed against defendants named above and their agents, directors, officers, employees, heirs or assigns* |
| Potts | | Patricia | Ann | | 2/16/2010 | 2009-74161 | 11th | Harris | Patricia Ann Potts v. Debra Harvey, MD; Mark Lehman, PhD; Patricia Janki, MD; Avinash Parti, MD; Krishna Bhat, MD; Peter Stanfield, MD; Vatsala Bhaskaran, PhD; Kingwood Pines Hospital, and Humana Insurance Company |
| Ramsey | | Natasha | Ann | | 2/14/2014 | 153-269150-13 | 153rd | Tarrant | Natasha Ann Ramsey, as beneficiary for the Estate of Joyce L. Williams v. 2010-86592-1 County Court at Law Number One, its agents, deputies, assigns, affiants, successors, political entities, corporations, et al (*applies only to SunTrust Mortgage, Inc. or its employees, agents, representatives or attorneys related to the property*) |
| Reeves | | Michael | | | 11/8/2006 | DC-06-07707-G | 134th | Dallas | Michael Reeves v. Texas Department of Insurance, Division of Workers' Compensation |
| Retzlaff | | Tom | | | 10/15/2008 | 338432 | CCL #3 | Bexar | Tom Retzlaff v. GoAmerica Communications Corporation, Aaron David Dubrinski, John and/or Jane Doe |
| Rhodes | Jr. | Kavin | | | 1/26/2010 | DC 09-10153-I | 193rd | Dallas | Kavin Rhodes, Jr. v. State of Texas, Dallas County |
| Rocha | | Nick | B. | | 1/27/2005 | 2004-68660 | 215th | Harris | Nick B. Rocha v. Franklin Credit Management Corporation |
| Rolland | | Lois | | | 6/29/2007 | cc-06-16997-B | CCL # 2 | Dallas | In the Matter of Roy and Lois Rolland |
| Rolland | | Roy | | | 6/29/2007 | cc-06-16997-B | CCL # 2 | Dallas | In the Matter of Roy and Lois Rolland |
| Ruston | | Lester | Jon | | 6/14/2007 | 366-141-07 | 366th | Collin | Lester Jon Ruston v. Collin County, et al; Plano Police Department; Plano Independent School District; Haverly Place Apartments; Abernathy, Roeder, Boyd & Joplin; Dallas Police Department |
| Salazar | | Adam | E | | 11/4/2008 | 2008-CI-16666 | 285th | Bexar | Adam E. Salazar v. Service Corp. International, Inc., SCI Texas Funeral Services, Inc., Robert L. Waltrip, Thomas L. Ryan, Curtis G. Briggs, William D. O'Brien, Judith M. Marshall, Robert Gilcrist Newman, Ronald David Smith, Rosemarie Kanusky, and Fulbright & Jaworski, L.L.P. |
| Schlittler | | David | Charles | | 7/10/2012 | 296-51836-98 | 296th | Collin | In the Interest of Brannan Foster Schlittler A Child |
| Schulze | | Barbara | | Barbara B. Schulze, Barbara C. Shulze, Barbara B.C. Schulze, Barbara Ciavarra Schulze, Barbara Moss Schulze, Barbara Schulze or anyone on her behalf | 1/25/2008 | 2007-CI-18007 | 73rd | Bexar | Barbara Schulze v. EMC Mortgage Corporation |
| Scott | | Dallas | Wayne | | 6/10/2002 | 02-04248-F | 116th | Dallas | Dallas Wayne Scott v. Washington Mutual Bank |
| Scott | | Michael | | TDCJ #683064 | 4/30/2007 | 93,764-C | 251st | Potter | Michael Scott, TDCJ No. 683064 v. Richard Phillips, et al |
| Scott | | Susan | | | 1/26/2006 | 05-12216 | 193rd | Dallas | Susan Scott v. Judge Kent Sims |
| Sharp | | Leonard | | | 10/15/2007 | 2006-22191 | 295th | Harris | Leonard Sharp v. JP Morgan Chase Manhattan Bank, Vinson & Elkins LLP, and D. Bobbitt Noel, Jr. |
| Smith | | Clifford | Allen | TDCJ #576142 | 5/27/2008 | 24147 | 278th | Walker | Clifford Allen Smith TDCJ ID # 576142 v. Brad Livingston, et al |
| Solis | | Arturo | | | 6/27/2013 | CIO-11-40751 | 52nd | Coryell | Arturo Solis v. Texas Department of Criminal Justice, et al |
| Spencer | | Johnny | | | 8/8/2007 | DC-07-05681-K | 192nd | Dallas | Johnny Spencer v. Dallas District Clerk |
| Stafford | | Johnny | M. | | 6/6/2011 | 2011-792-CCL2 | CCL2 | Gregg | Johnny M. Stafford v. J. Hall, A. Cave, Longview Economic Development Corp, Judge Vince Dulweber, Wendy Ligon and John Ovard |
| Stafford | | Johnny | M. | | 6/6/2011 | 2011-742-CCL2 | CCL2 | Gregg | Johnny M. Stafford v. Gary Shavers, Shavers, Boon, Echols and Coleman, Judge Vincent Dulweber, Wendy Ligon, Ed Merritt, Walmart Stores, Inc., Judge Paul Bonner and Judge John Ovard, Carl Dorrough |

SOURCE: https://www.txcourts.gov/judicial-data/vexatious-litigants/

Cause No. 338432

| | | |
|---|---|---|
| TOM RETZLAFF, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 3 |
| | § | |
| GOAMERICA COMMUNICATIONS | § | |
| CORPORATION, AARON DAVID | § | |
| DUBRINSKI, JOHN and/or JANE DOE, | § | |
| | § | |
| Defendants. | § | OF BEXAR COUNTY, TEXAS |

## ORDER DECLARING TOM RETZLAFF A VEXATIOUS LITIGANT

ON THE 27th and 30th days of June, 2008, came to be heard GoAmerica, Inc.'s *Amended Motion for Rule 13 Sanctions and Motion to Declare Plaintiff a Vexatious Litigant* (the "Motion"). The Court, having reviewed the Motion, Plaintiff's response, testimony, evidence and arguments of presented to the Court, the Court finds that the Motion should be **GRANTED**.

**IT IS, THEREFORE, ORDERED** that Mr. Retzlaff is a vexatious litigant, pursuant to Chapter 11 of the Texas Civil Practice & Remedies Code.

**IT IS FURTHER ORDERED** that Mr. Retzlaff furnish Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) as security for the benefit of GoAmerica. Mr. Retzlaff must furnish this security to Civil Central Filing, Bexar County Courthouse, Second Floor within seven (7) days of the date of this order.

**IT IS FURTHER ORDERED** that Mr. Retzlaff is prohibited from filing, in propria persona, any new litigation in any state or federal court located in the State of Texas without first obtaining permission of the local administrative judge after the local administrative judge finds that the proposed litigation has merit and is not filed for the purpose of harassment or delay.

Page 1

25

CORCTIFICATE
...o which this certificate is affixed may have
...fully altered to redact confidential personal
....tion but is otherwise a full, true and correct
...v of the original on file and of record in my office

DEC 0 2 2016

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

SIGNED this _15_ day of October, 2008.

Karen Crouch
JUDGE PRESIDING

T:\17000 - 17999\17600-17699\17688.0001\Pleadings-Motions\order.vexatious.litigant.doc



Page 2

26

TEXAS COUNTY OF BEXAR
ED COPY CERTIFICATE
page to which this certificate is affixed may have
lawfully altered to redact confidential personal
mation but is otherwise a full, true and correct
of the original on file and of record in my office

DEC 0 2 2016

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY

39

# Exhibit 4

**TRIAL COURTS OF ARIZONA IN MARICOPA COUNTY**
North Valley Justice Court/AZ007243J/0724    14264 W. Tierra Buena Lane    Surprise, AZ 85374

| **Order Of Protection** | Case No. CC2020008939000 |
|---|---|
| [ ] Amended Order | Court ORI No. AZ007243J |
| | County Maricopa          State AZ |

PLAINTIFF

| Brittany | | Retzlaff |
|---|---|---|
| First | Middle | Last |

**PLAINTIFF IDENTIFIERS**

Plaintiff's Date of Birth

And on behalf of any minor family member or other Protected Person listed below:

**v.**

DEFENDANT

| Thomas | Christopher | Retzlaff |
|---|---|---|
| First | Middle | Last |

Defendant/Plaintiff Relationship: The Defendant is my or my spouse's parent.

Defendant's Address:

CAUTION: [ ] Weapon Alleged in Petition

**DEFENDANT IDENTIFIERS**

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| Male | White | | 5' 9" | 210 |
| EYES | HAIR | Arizona rohibits Release of | | |
| Brown | Black | Social Security Numbers | | |
| DRIVER'S LICENSE # | | STATE | EXP DATE | |
| | | TX | | |

[ ] Estimated Date of Birth

**WARNINGS TO DEFENDANT:** This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. § 2265). Crossing state, territorial or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. § 2262). Because of this order, it may be unlawful for you to possess or purchase a firearm or ammunition pursuant to federal law under 18 U.S.C. § 922(g)(8) or state, tribal, territorial, or local law. If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney. Only the Court, in writing, can change this order. This order is effective for one year from date of service.

**THE COURT HEREBY FINDS THAT:**
    It has jurisdiction over the parties and subject matter.
[ ] Defendant received actual notice of this Hearing and had an opportunity to participate.
**THE COURT,** finding reasonable cause to believe that Defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year (or good cause exists to consider a longer period), **HEREBY ORDERS:**
    **NO CRIMES.** Defendant shall not commit any crimes, including but not limited to harassment, stalking, or conduct involving the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury, against Plaintiff or Protected Persons.

**PROTECTED LOCATIONS.** Defendant shall not go to or near Plaintiff's or other Protected Person's:
    [x] Residence (confidential)
    [ ]

Effective 1/1/2020                          Page 1 of 2 Adopted by Administrative Directive No. 2019-10

` ' ` Workplace:
[ ] School:
[x] Other: ████████████████████████
  - ████

[ ] **ARIZONA FIREARMS LAW.** Under A.R.S. § 13-3602(G)(4), the court finds that Defendant poses a credible threat to the physical safety of Plaintiff or Protected Persons. Therefore, Defendant shall not possess, receive, or purchase firearms and shall surrender same within 24 hours of service to:

[ ] **ANIMALS.** Plaintiff is granted the exclusive care, custody, or control of any animal that is owned, possessed, leased, kept, or held by the plaintiff, the defendant, or a minor child residing in the residence or household of the plaintiff or the defendant. Defendant is ordered to stay away from the animal and shall not take, transfer, encumber, conceal, commit an act of cruelty or neglect in violation of section 13-2910, or otherwise dispose of the animal.

**OTHER ORDERS:**
The Defendant shall not approach the Plaintiff. The Defendant shall not approach the Plaintiff's cats, "Mimi" and "Monkey."

| | | |
|---|---|---|
| 1/15/2020 | *Gerald V. Williams* | Gerald Williams |
| Date | Judicial Officer | Printed Name |

---

**WARNING:** This is an official court order. If you disobey this order, you will be subject to arrest and prosecution for the crime of interfering with judicial proceedings and any other crime you may have committed in disobeying this order.

**NOTICE:** If you disagree with this order, you have the right to request a hearing, which will be held within 5 to 10 business days after your written request has been filed in the court that issued this order. Violations of this order should be reported to a law enforcement agency, not the court. Each party must notify this court if an action for dissolution (divorce), separation, annulment or paternity/maternity is filed. This is NOT a parenting time (visitation) or custody (legal decistion-making) order. You must file those requests separately in Superior Court.

**ADDITIONAL WARNINGS TO DEFENDANT:** Nothing the plaintiff does can stop, change, or undo this order without the court's written approval. You must appear in court to ask a judge to change (modify) or dismiss (quash) this order. **Even if the plaintiff initiates contact, you could be arrested and prosecuted for violating this order. If you do not want the plaintiff to contact you, you have the right to request a protective order against the plaintiff. But orders are not automatically granted upon request. Legal requirements must be met.**

Effective 1/1/2020                              Page 2 of 2 Adopted by Administrative Directive No. 2019-10

North Valley Justice Court/AZ007243J/0724    14264 W. Tierra Buena Lane    Surprise, AZ 85374

| Plaintiff                                     ☐ Employer-Plaintiff if<br>Workplace Injunction | Defendant | Case No. |
|---|---|---|
| Brittany Retzlaff | Thomas Retzlaff | CC2020008939 |
| ☐ On behalf of minor/person in<br>of protection named: | Defendant's address | **PETITION for:**<br>☒ Order of Protection<br>☐ Injunction Against Harassment<br>☐ Workplace Injunction |
| Agent's name (if Workplace Injunction) | Defendant's phone | |

## This is NOT a court order.

This petition contains Plaintiff's allegations and requests. To see what the court has ordered, see "Order" form.

---

*DIRECTIONS: Please read the Plaintiff's Guide Sheet before filling out this form.*

1. **Defendant/Plaintiff Relationship** *(or relationship between Defendant and minor/person in need of protection)*.

   ☐ Married (past or present)
   ☐ Live/lived together as intimate partners
   ☐ Romantic or sexual relationship (past or present)
   ☐ Parent of a child in common
   ☐ One party is pregnant by the other

   ☐ Related as parent, grandparent, child, grandchild, brother, sister (or in-law/step)
   ☐ Live/lived together but not as intimate partners
   ☐ Dating (but not romantic or sexual)
   ☒ Other: The Defendant is my or my spouse's parent.

2. ☐ If checked, Defendant and I have a pending action involving maternity, paternity, annulment, legal separation, dissolution, custody, parenting time, or support in _____ County Superior Court, Case # _____.

3. Name of court, if any, in which any other protective order related to this conduct has been filed.
   Court name_____Case #_____

Effective 1/1/2020                     Page 1 of 2 Adopted by Administrative Directive No. 2019-10

4. Tell the judge what happened and why you need this order. PRINT both the dates and a brief description of what happened. If there is a contested hearing, a judge can consider only what you write here.
   *NOTE: Defendant will receive a copy of this petition when the order is served.*

| Approx. Date | (Do not write on back or in the margin. Attach additional paper if necessary.) |
|---|---|
| 12/25/2020 | My husband came home to our place of residence at the mother and stepfather's house. Upon entering he saw my father in living room with my mother, stepdad, brother and his girlfriend. My husband did not say anything to him, but he took photos of Tom leaving the residence quickly. Tom did not respond and left quickly. My husband filed a police report at El Mirage Police Dept. My husband and I have a restraining order in effect that will be expiring and we want to continue with our restraining order because we feel unsafe and Thomas Retzlaff continues to harass us through different means. |
| 10/31/2019 | My husband and I order a piece a furniture and were awaiting it's arrival to the store. I called the store to check on my order and the employee mention that she had spoken to my father at the store and said that the furniture had yet to arrive. She also mentioned that he tried to get behind the counter to see her computer and said he was lawyer. She later asked him to leave the store. This was alarming to us because no one had knowledge of this purchase or the store we purchased it from except ourselves. We filed a police report at the El Mirage Police Dept. with Officer Watson, Report # E19102835 |
| 08/27/2019 | My husband and I arrived from Spain to the Los Angeles airport. We were held in immigrations for questioning for several hours. After answering their questions the FBI agent disclosed that my father had made a false report against us that caused them to red flag us. After discovering that the report was false and the history of my father, they documented the incident for future references if he tried to do this again. FBI agent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

5. The following persons should also be on this order. They should be protected because Defendant is a danger to them:
   Daniel German Vasquez (▮▮▮▮▮▮ )

6. Defendant should be ordered to stay away from these locations at all times, even when I am not present.
   **NOTE: Do not list confidential addresses here.**

   ☒ Residence (confidential)

   ☐ Work/Business

   ☒ School/other

7. ☐ Defendant owns or carries a firearm or other weapons.

8. ☐ Defendant should be ordered to stay away from any animal that is owned, possessed, leased, kept or held by me, Defendant, or a minor child living in either my household or Defendant's household.

9. Other requests: Female cat named Mimi and male cat named Monkey.;

Under penalty of perjury, I swear or affirm the above statements are true to the best of my knowledge, and I request an Order / Injunction granting relief as allowed by law.

Plaintiff _____     Attest: _____     Date _____

Effective 1/1/2020                    Page 2 of 2 Adopted by Administrative Directive No. 2019-10

| | | CC2020008939 | **DECLARATION OF SERVICE** OP/IAH/IAWH Issue Date 01/15/2020 |
|---|---|---|---|
| **Brittany Retzlaff** | | Case No. | |
| **Plaintiff** v. | | | |
| **Thomas Retzlaff** | | | |
| **Defendant** | | | |

### USE THIS FORM ONLY IF YOU ARE AUTHORIZED TO SERVE LEGAL PAPERS
### UNDER ARCP 4 OR ARS § 13-3602(K).

The undersigned, being first duly qualified by law, swears or certifies that a copy of the following was personally served on Defendant on **3/21/2020 4:15:00 PM** at the following location:

*(address where Defendant was served)*

☑ Petition and Order of Protection (OP)       ☐ Modified (OP)
☐ Petition and Injunction Against Harassment (IAH)       ☐ Modified (IAH)
☐ Petition and Injunction Against Workplace Harassment (IAWH)       ☐ Modified (IAWH)
☐ Notice of Hearing

Plaintiff has been advised of service ☑ Yes   ☐ No

Declarant is a ☐ registered process server   ☑ peace/correction/detention officer   ☐ authorized by the court

| **Scott Blake** | **Hassayampa Precinct Hassayampa Justice Court** | |
|---|---|---|
| **Print: Name** | Agency | Identification No. |

Charges*: Services $_____   Mileage $_____   Fees Paid $_____   Total $_____
*No charges/fees for any OP or for any IAH that arises from a dating relationship or sexual violence.

I declare under penalty of perjury that the foregoing is true and correct pursuant to ARCP 80(c).

**/s/ Scott Blake**       03/21/2020

Signature of Person Serving Document (Declarant)       Date

Defendant description:

| Sex | Race | DOB | HT | WT | Eyes | Hair | Driver's License # | State | Distinguishing Features |
|---|---|---|---|---|---|---|---|---|---|
| M | W | | | 210 | BRO | BLK | | NA | |



```
04/16/20                    EL MIRAGE POLICE DEPARTMENT
9903
08:55                         CAD Master Call Table:
Page:    1

 Long-Term Call ID   C482124
 Active Call          Nature  Suspicious Act    Type  l    Priority  4

   Address✓          ██████████████████         City  ███████████████
   Between:
   Zones     ✛        ✛         ✛      Determinant          Alarm
   Directions

   Contact  BRITTANY RETZLAFF              Tel   ███████████
   Address
   Info  (See below)
   License Plate              State


   How Rcvd  T Telephone                Occurred between  15:41:15
10/31/19
    Rcvd by  D Garcia                              and  15:41:15
10/31/19
 Hld Until   : :    / /                    When Rptd  15:48:35
10/31/19


= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =
= = =

INVOLVEMENTS:
Type  Record #     Date      Description               Relationship
 LW  E19102835  10/31/19  Suspicious Act            *Initiating
Call

Call Taker Comments:         _____
**RP WILL MEET AT THE POLICE STATION**
*ETA 5 MINUTES*

RP: DRIVING     ████████████████████

RP STATING THAT THERE IS A RESTRAINING ORDER ON HER FATHER (THOMAS
CHRISTOPHER RETZLAFF). RP STATED THAT A PIECE OF FURNITURE WAS ORDERED.
STATED THAT THE FURNITURE COMPANY TOLD THE RP THAT THE FATHER WAS TRYING
TO GET THE RP'S INFORMATION BY LOOKING OVER THE DESK TO LOOK AT THE
SCREEN. FURNITURE COMPANY (MEGA FURNITURE) RP WOULD LIKE TO SPEAK TO AN
OFFICER ABOUT THE SITUATION AT THE STATION.

19:47:20 10/31/2019 - B C Watson
spoke with rp who advised she received info that her father was
attempting to get info from furniture store, unknown reason. no contact
was made with rp as she is a protected party. provided incident number
and business and. no crime.
```

 # EL MIRAGE POLICE DEPARTMENT
## Officer Report for Incident E19122539

| | | | | |
|---|---|---|---|---|
| **Nature:** | Violate Crt Ord | | **Address:** | ████████████ |
| **Location:** | ██ | | | |

| | | | | |
|---|---|---|---|---|
| **Offense Codes:** | VIOL | | | |
| **Received By:** | D Carrasco | **How Received:** T | **Agency:** | EMPD |
| **Responding Officers:** | B C Watson, K J White | | | |
| **Responsible Officer:** | B C Watson | **Disposition:** EFM 12/25/19 | | |
| **When Reported:** | 14:29:52 12/25/19 | **Occurred Between:** 13:00:00 12/25/19 and 13:15:00 12/25/19 | | |

| | | |
|---|---|---|
| **Assigned To:** | **Detail:** | **Date Assigned:** **/**/** |
| **Status:** | **Status Date:** **/**/** | **Due Date:** **/**/** |

| | | | | | |
|---|---|---|---|---|---|
| **Complainant:** | 165844 | | | | |
| **Last:** | RETZLAFF | **First:** BRITTANY | | **Mid:** | ANASTASIA |
| **DOB:** | ██████ | **Dr Lic:** ██████ | | **Address:** | ████████████ |
| **Race:** W | **Sex:** F | **Phone:** ██████ | | **City:** | ████████████ |

## Offense Codes
| | | | |
|---|---|---|---|
| **Reported:** | VIOL Inter w/ Judical Proceedings | **Observed:** | VIOL Inter w/ Judical Proceedings |
| **Additional Offense:** | VIOL Inter w/ Judical Proceedings | | |

## Circumstances
VRF Victims Rights Form

| **Responding Officers:** | **Unit :** |
|---|---|
| B C Watson | A222 |
| K J White | A222 |

| | | | |
|---|---|---|---|
| **Responsible Officer:** | B C Watson | **Agency:** | EMPD |
| **Received By:** | D Carrasco | **Last Radio Log:** | **:**:** **/**/** |
| **How Received:** | T Telephone | **Clearance:** | E6 Report Taken |
| **When Reported:** | 14:29:52 12/25/19 | **Disposition:** | EFM **Date:** 12/25/19 |
| **Judicial Status:** | | **Occurred between:** | 13:00:00 12/25/19 |
| **Misc Entry:** | | **and:** | 13:15:00 12/25/19 |

| **Modus Operandi:** | **Description :** | **Method :** |
|---|---|---|

## Involvements

| Date | Type | Description | Relationship |
|------|------|-------------|--------------|
| 12/25/19 | Name | RETZLAFF, THOMAS CHRISTOPHER | Suspect |
| 12/25/19 | Name | RETZLAFF, BRITTANY ANASTASIA | Complainant |
| 12/25/19 | Name | VASQUEZ SALDANA, DANIEL GERMAN | Victim |
| 12/25/19 | Offense | Offense#: 32714 - M - 1 count | Charged With |
| 12/25/19 | Cad Call | 14:29:52 12/25/19 Violate Crt Ord | Initiating Call |

01/22/20

**Narrative**

                    El Mirage Police Department
                      Investigation Narrative

The following contact was video and audio recorded using the body worn cameras
(BWC) issued by El Mirage Police Department. Yes__X__            No_____

Incident/DR Number: Violation of a Court Order/E19122539

Date, Time, Reporting Officer: 12/25/2019, 1958 hours, Bryan Watson #3365

Synopsis: On 12/25/2019 at approximately 1301 hours Thomas Retzlaff (defendant)
committed violation of a court order by going to a protected location at ████
████████████████████████. Daniel Vasquez Saldana (plaintiff) is willing
aid in prosecution.

Detailed Narrative: On 12/25/2019 at approximately 1429 hours dispatch was
advised of a violation of a court order.  The reporting party was reporting from
the El Mirage Police Department.

Within the call notes:
**LOBBY TRAFFIC**
RP WOULD LIKE TO REPORT A VIO OF COURT ORDER, VIOLATED BY HER FATHER THOMAS
RETLAFF TIME DELAY ABOUT AN HOUR.
Call type 1 reopened by J Walter at 14:48:48 12/25/19

Upon arrival I spoke with the reporting party, who was identified by name as
Brittany Retzlaff (reporting party).  Brittany advised her husband was inside
the residence, located at ███████████████████ when her father Thomas Retzlaff
(defendant) entered the residence and left a short time later. Brittany advised
her husband Daniel (plaintiff) was inside the residence, but she was not at the
residence at the time of the violation. Brittany said her husband called her
after Thomas left.

Brittany also advised her father, Thomas, has multiple active cases involving
the FBI regarding weapons offences and terroristic threats.

After speaking with Brittany, I spoke with Daniel (plaintiff). Daniel advised he
was inside his mother in-law's residence (protected place) and his father in-law
arrived. Daniel said his father in-law saw him and immediately left the
residence. Daniel stated no contact was made during the violation. Daniel
provided a photograph showing his father in-law walking off of the property. The
photograph was uploaded into evidence.com. Daniel advised he came to the police
department to make a report of the violation due to other family members are not
supportive of the court order.

Daniel provided photographs of Thomas inside the residence and walking off of
the property. The photographs were uploaded into evidence.com.

At this time Thomas Retzlaff's (defendant) where a bouts are unknown.

This case will be sent to the El Mirage City Attorney requesting the following
charge:
Interfering with Judicial Proceedings, ARS 13-2810A2

Victims rights were provided to Daniel.

This ends my involvement in this incident.

Bryan Watson #3365

_____

Responsible LEO:

_____

Approved by:

_____

Date

01/22/20

*Officer Report for Incident E19122539*                                    *Page 5 of 7*

**Supplement**

```
         VICTIMS RIGHTS INFORMATION PROVIDED
            BY EL MIRAGE POLICE DEPARTMENT

EMPD Report Number: E19122539
Reporting Officer: Bryan Watson
Officer Serial: 3365
Date of Offense: 12/25/2019

Suspect(s) Name: Thomas C. Retzlaff
Suspect(s) DOB: ██████

Victim Name 1: Daniel Vasquez Saldina
        Victim Lawful Representative: ███████████████
        Mailing Address:
        Phone: ████████
        Primary
        Alternate
        Other

Email:
Language: _____English      ___X__Spanish       _____Other: _____

VICTIMS'S RIGHTS PROVIDED:  __X___YES  _____NO

VICTIMS' RIGHTS:  _X__Requested  ___Waived
```

## Sentryx Booking Information:

| | | | |
|---|---|---|---|
| **Sentryx Booking Number:** 19-2138 | | **Name Number:** 149363 | |
| **Name:** RETZLAFF, THOMAS CHRISTOPHER | | **Address:** 13022 W COLUMBINE DR | |
| **Phone:** ( ) - | | EL MIRAGE, AZ 85335 | |
| **DOB:** ███████ | | **Dr Lic:** ██████ | |
| **Assigned Bed:** " | | **Current Location:** " | |
| **Booking Date:** 12/25/19 | | | |

### Sentryx Arrest # 20531

| | | | | |
|---|---|---|---|---|
| **Time/Date:** 00:00:00 12/25/19 | **Agency:** EMPD | | | |
| **Age at Arrest:** 53 | **Location:** ████████ | **Officer:** | B C Watson | |
| **Arrest Type:** LONG | **Area:** ██ | **Reference:** | E19122539 | |
| **Disposition:** | | | | |

### Sentryx Offense # 32714

| | | | |
|---|---|---|---|
| **Statute:** ARS13-2810A2 | **NCIC:** 5005 | | |
| **Offense:** VIOL Inter w/ Judical Proceedings | **Crime Class:** M | | |
| **Offense Reference:** E19122539 | **Offense Type:** ARS | **Offense Area:** 11 | |
| **Related Incident:** E19122539 | **Law Jurisdiction:** ELM | | |
| **Entry Code:** CRIM | **Offense Location:** | | |
| **Court Code:** 759 | **Offense Time/Date:** 00:00:00 12/25/19 | | |
| **Offense Disposition:** | **Disposition Date:** **/**/** | | |

## Name Involvements:

**Complainant :**  165844
    **Last:**  RETZLAFF      **First:**  BRITTANY      **Mid:**  ANASTASIA
    **DOB:**  ██████      **Dr Lic:**  ██████      **Address:**  ████████
    **Race:**  W    **Sex:**  F      **Phone:**  ██████      **City:**  ███████

**Victim :**  182584
    **Last:**  VASQUEZ
            SALDANA      **First:**  DANIEL      **Mid:**  GERMAN
    **DOB:**  ██████      **Dr Lic:**  ██████      **Address:**  ████████
    **Race:**  L    **Sex:**  M      **Phone:**  ██████      **City:**  ███████

**Suspect :**  149363
    **Last:**  RETZLAFF      **First:**  THOMAS      **Mid:**  CHRISTOPHER
    **DOB:**  ██████      **Dr Lic:**  ██████      **Address:**  13022 W COLUMBINE DR
    **Race:**  W    **Sex:**  M      **Phone:**  ( ) -      **City:**  EL MIRAGE, AZ 85335

# Exhibit 5

**FILED**

1:11 PM

May 7, 2020

BRENDA ROWE

DISTRICT CLERK, WISE COUNTY, TX

BY *Laurelcia Biggerstaff* DEPUTY

CAUSE NO. CV20-03-214

| | | |
|---|---|---|
| IN THE MATTER OF THOMAS | § | IN THE DISTRICT COURT |
| RETZLAFF and JASON LEE | § | |
| VAN DYKE | § | 271st JUDICIAL DISTRICT |
| | § | |
| | § | WISE COUNTY, TEXAS |

## JUDGMENT

On this day came to be considered the motion of Jason Lee Van Dyke, Respondent, to dismiss the above-numbered and styled case with prejudice pursuant to § 11.1035(b) of the Texas Civil Practice and Remedies Code. The Court takes judicial notice of all pleadings and papers filed in this case and, for the reasons stated below, grants this motion.

### A. Findings of Fact and Conclusions of Law

(1)    This case is an application for a protective order under Article 7A of the Texas Code of Criminal Procedure filed by Petitioner, Thomas Christopher Retzlaff, on March 23, 2020. An application for a protective order under the code is a "civil action" within the meaning of "litigation" as defined by Tex. Civ. Prac. & Rem. Code § 11.001(2).

(2)    Petitioner is a resident of Maricopa County, Arizona. Respondent is a resident of Wise County, Texas. Accordingly, the Court finds that it has jurisdiction over the parties to this case and the subject matter of the same. Tex. CCP Art. 7A.01(b).

(3)    On October 15, 2008, Petitioner was declared a vexatious litigant by the Bexar County Court at Law No. 3 in Cause No. 338432, styled *Tom Retzlaff v. GoAmerica Comms. Corp.* This determination was upheld by the court of appeals.

JUDGMENT

*Retzlaff v. GoAmerica Comms. Corp.,* 356 S.W.3d 689 (Tex. App. – El Paso 2011). The Court finds that the Petitioner in this case is the same person declared a vexatious litigant in *GoAmerica.*

(4)     Petitioner did not seek permission from the local administrative judge of this district prior to filing this litigation as required by Tex. Civ. Prac. & Rem. Code § 11.102.

(5)     Respondent notified the Wise County District Clerk of its mistaken filing of this litigation on or around April 14, 2020 as permitted by Tex. Civ. Prac. & Rem. Code § 11.1035(a). A copy of this notice was served on Petitioner.

(6)     The Wise County District Clerk filed its notice of mistaken filing with this Court on April 16, 2020. A copy of this notice was served on both Petitioner and Respondent.

(7)     This Court entered an order staying this case on April 21, 2020 as required by Tex. Civ. Prac. & Rem. Code § 11.1035(b).

(8)     The 10th day after notice was filed by the District Clerk was Sunday, April 26, 2020. Accordingly, Petitioner was required to obtain permission to file this litigation from this Court no later than April 27, 2020 and failed to do so.

(9)     The dismissal of this lawsuit is mandatory pursuant to Tex. Civ. Prac. & Rem. Code § 11.1035(b). This dismissal of a vexatious litigant's lawsuit may be with prejudice. *GoAmerica Comms. Corp*, 356 S.W.3d at 705; *1901 N.W. 28th St. Trust v. Wilson*, 535 S.W.3d 96 (Tex. App. – Fort Worth 2017); *Drum v. Calhoun*, 299 S.W.3d 360 (Tex. App. – Dallas 2009).

JUDGMENT

### B.     Orders of the Court

It is therefore **ORDERED, ADJUDGED, AND DECREED** that this protective order is

**DISMISSED** ~~WITHOUT PREJUDICE TO REFILING~~. This is a final order disposing of

all parties and all claims. All relief not expressly granted herein is **DENIED**.

SIGNED ON: _____May 6_____, 2020

_____

JUDGE PRESIDING

JUDGMENT

# COPY

**SUPERIOR COURT OF ARIZONA IN MARICOPA COUNTY**
**NCIC# AZ007035J / DPS# 0700**
**602.506.7353**
Downtown East Court Building, 101 W. Jefferson, Phoenix, AZ 85003
Southeast Adult Facility, 222 E. Javelina Ave., Mesa, AZ 85210
Northeast Regional Court Center, 18380 N. 40th St., Phoenix, AZ 85032
Northwest Regional Court Center, 14264 W. Tierra Buena Lane, Surprise, AZ 85374

| | | **HEARING ORDER** |
|---|---|---|
| *Thoms Retzlaff*<br>Plaintiff<br><br>v.<br><br>*Jason Van Dyke*<br>Defendant | *CV2020-005203*<br>Case No. | ☐ **Order of Protection**<br>☒ **Injunction Against Harassment**<br>☐ **Injunction Against Workplace Harassment**<br><br>**Issued Date:** 04 / 29 / 2020 |

☐ The request for:

    ☐ A protective order is ☐ granted ☐ denied ☐ withdrawn. Reason: _____
    ☐ A hearing is denied.
    ☐ A motion to continue is denied.
    ☐ A motion to modify is denied.

☐ The court continues the hearing to ___/___/_____ (date).
☐ The court cancels the hearing set for ___/___/_____ (date).
☐ At Plaintiff's request, the court dismisses the protective order listed above.

**At time of hearing:**

Plaintiff:    ☒ Appeared ☐ Failed to appear but did not have notice ☐ Failed to appear but had notice
Defendant:    ☒ Appeared ☐ Failed to appear but did not have notice ☐ Failed to appear but had notice

☒ The court dismisses the protective order listed above. *(See minute entry)*
☐ A protective order is ☐ denied ☐ granted. ☐ Brady applies.
☐ The protective order listed above remains in effect. ☐ Brady applies.
☐ As attached, the court modifies the protective order listed above, ☐ Brady applies.

05/15/2020
Date

Judicial Officer

**COMMISSIONER STEVEN P. LYNCH**

## CERTIFICATE OF TRANSMITTAL

Copy ☒ mailed ☐ provided personally to Plaintiff on 05/15/2020 by *Claudia G.*
Copy ☒ mailed ☐ provided personally to Defendant on 05/15/2020 by *Claudia G.*

IN THE SUPERIOR COURT IN AND FOR MARICOPA COUNTY, ARIZONA

| | | |
|---|---|---|
| **THOMAS RETZLAFF** | § | **CAUSE NO. CV2020-005203** |
| **Plaintiff.** | § | |
| | § | **JUDGMENT** |
| **v.** | § | |
| | § | |
| **JASON LEE VAN DYKE** | § | **Hon. Steven P. Lynch** |
| **Defendant** | § | |

On May 15, 2020 at 1:30 p.m., the application of Thomas Christopher Retzlaff, Plaintiff,

for an injunction against harassment against Jason Lee Van Dyke, Defendant, was called to trial

before the Court. Both parties made their appearance and were duly sworn.

As a preliminary matter, this Court considered Defendant's motion to declare Plaintiff a

vexatious litigant in Arizona. This Court finds that this motion was based, in relevant part, due

to Plaintiff's filing for two other similar injunctions against Defendant in Texas and Plaintiff's

status as a vexatious litigant in Texas. The Court inquired of Defendant as to whether Plaintiff

had filed any other litigation against him in Arizona and Defendant stated that he had not.

Accordingly, Defendant's motion to declare Plaintiff a vexatious litigant in Arizona is denied.

Prior to the proceeding, the Court reviewed multiple additional pre-trial motions by

Defendant including his motion to dismiss for lack of personal jurisdiction, motion to dismiss

under Rule 12(b)(6) of the Arizona Rules of Civil Procedure, and his motion in limine. The

Court also reviewed Plaintiff's responses to said motion, the replies to the responses, and the

sur-replies. During the consideration of these motions, it came to the Court's attention that

Plaintiff had made no allegation of harassment by Defendant during the calendar year preceding

the filing of his application for an injunction against harassment. The Court inquired as to any

harassment by Defendant of Plaintiff during the calendar year preceding the filing of this action. Plaintiff stated to the Court that he had not been harassed by Defendant in the past year. Based upon that admission, this Court found that there was no legal basis under Arizona law to grant an injunction against harassment and announced its decision in favor of the Defendant. Plaintiff objected to this Court's ruling and specifically argued that the one-year time limitation should not apply in this case because Defendant resides outside the state of Arizona and because of Plaintiff's recent discovery of new evidence. The objection by Plaintiff was overruled. All of Defendant's pre-trial motions are DENIED AS MOOT.

It is ORDERED, ADJUDGED, AND DECREED that the injunction against harassment entered against Defendant on April 29, 2020 in this case is VACATED. It is FURTHER ORDERED that this case is DISMISSED. This is a final order disposing of all parties and all claims. All relief not expressly granted herein is DENIED.

Hon. Steven P. Lynch

# Exhibit 6

# Re: (No Subject)

Sent: **Saturday, May 30, 2020 11:04 PM**

From: **Jason L. Van Dyke jasonleevandyke@protonmail.com**

To: **Tom Retzlaff retzlaff@texas.net**

CC: **Jeffrey Dorrell JDorrell@hanszenlaporte.com**

BCC: **Alan Taggart alan@taggartfirm.com**

Mr. Retzlaff:

That e-mail was sent to me today and, as the discovery period is open until the end of the day, I had a duty to supplement my discovery response under Rule 193.5. You received that material, properly Bates labeled, and an amended response pursuant to that rule.

As for the rest of your e-mail, please do not email me or communicate with me for any reason except to the extent necessary to comply with the Texas Rules of Civil Procedure or the Local Rules of Practice in Denton County, Texas.

This communication, from you to me, together with this response from you has been marked as Bates Label 1837. Please not that Bates Label 1837 is responsive to your request for production #5 and #6.

Jason L. Van Dyke
PO Box 2618
Decatur, TX 76234
E - jasonleevandyke@protonmail.com


Sent with ProtonMail Secure Email.

------- Original Message -------
On Saturday, May 30, 2020 10:52 PM, Tom Retzlaff <retzlaff@texas.net> wrote:

> You - and most especially McGibney - are pathetically predictable.
>
> Tell McStupid that he can send whatever his most recent SLAPP nonsense is to Hanszen Laporte.  They get paid the big bucks to handle shit like that.
>
> Don't CCP Chapter 7A protective order cases only apply for people in Texas?  Are you telling me that McGibney lives in Texas and wants to file one of these against me?  Wow, I had no idea!
>
> It's a good thing that one of the best attorneys in Texas recently told me that the affirmative defense of unclean hands is a viable defense to a Ch 7A proceeding, eh?
>
>
>
> Tom Retzlaff

CAUSE NO. 20-2579-431

| | | |
|---|---|---|
| THOMAS RETZLAFF, | § | IN THE DISTRICT COURT |
|   Petitioner, | § | |
| | § | |
| Vs. | § | OF DENTON COUNTY, TEXAS |
| | § | |
| JASON LEE VAN DYKE, | § | |
|   Respondent. | § | 431st JUDICIAL DISTRICT |

## PETITONER'S MOTION FOR LEAVE TO TAKE DEPOSITION OUTSIDE THE DISCOVERY PERIOD

Petitioner asks the court for permission to take the oral depositions of James McGibney, and several other individuals recently identified by respondent as witnesses, outside the discovery period, under the authority of Texas Rule of Civil procedure 199.2(a).

## A. INTRODUCTION

1.   Petitioner is Thomas Retzlaff; respondent is Jason Lee Van Dyke.

2.   This case involves a sexual assault / stalking / human trafficking victim protective order brought pursuant to Texas Code of Criminal Procedure Chapter 7A.

3.      A hearing on the application for protective order is set for June 29, 2020.

## B. Facts

4.      Petitioner asks for permission to take the oral deposition of James McGibney, Hannah Poe, Special Agent Kevin Palomino of the Dept of Homeland Security – Joint Terrorism Task Force, Rav. J. Holder Bennett, Susan Lynn Van Dyke, and Joshua Conklin, on dates and times yet to be determined, in front of a court stenographer and videographer.  Furthermore, Mr. Retzlaff asks the court to order respondent, Van Dyke, to appear at a deposition so that he, too, can be further questioned.

5.      On May 29, 2020, Van Dyke filed his Amended Answers to Interrogatory Questions identifying a bunch of new witnesses (Amended Interrogatory Answer Numbers 2(b), 20 and 21) and alleging new defenses / affirmative defenses (Amended Interrogatory Answer Number 3, 12, 16, 18, and 19).

## C. Argument & Authorities

6.      Rule 199.2(a) specifically permits the court to grant leave to take the deposition of a witness outside of the discovery period.

7.      Mr. Retzlaff requests leave to take the oral deposition of James McGibney (and some of the other newly identified witnesses) outside of the discovery period because of material that was learned in Van Dyke's deposition on May 28.  Further, with regards to this specific witness, and all these new, additional witnesses, their names were disclosed in an amended response to interrogatory questions filed after the discovery period and Mr. Retzlaff would be unfairly prejudiced without the deposition.  See Tex. R. Civ. P. 190.5(a).

8.      Some matters have changed materially after the discovery cutoff due to revelations made by Van Dyke during his deposition on May 28 (one of which was him finally admitting that it was, in fact, his voice on the FBI audio recording plotting Mr. Retzlaff's assassination after months of him denying that it was his voice!)

9.      Under Rule 191.1, the court has the discovery limitations when there is good cause, unless the modification is specifically prohibited.  No rule prohibits permitting Mr. Retzlaff to take these depositions outside the

discovery period.  There is good cause to permit the modification due to the sudden revelation of these new witnesses, new affirmative defenses, and new testimony from Van Dyke's own deposition.

10.     Under Rule 190.5, the court must modify a discovery-control plan when justice requires.  In this case, justice requires that the court permit Mr. Retzlaff to depose James McGibney (and the others), and re-depose Van Dyke, outside the discovery period because the amended interrogatory responses from Van Dyke were made after the discovery deadline or so close to the deadline that Mr. Retzlaff did not have an adequate opportunity to conduct discovery related to the new matters (Rule 190.5(a)(1)) and Mr. Retzlaff will be unfairly prejudiced without the additional discovery (Rule 190.5(a)(2)).

### D. Conclusion

11.     Van Dyke purposefully delayed in filing his amended interrogatory responses so as to prevent Mr. Retzlaff from finding out about them ahead of time in anticipation of Van Dyke's May 28 deposition.  In the alternative, Mr. Retzlaff will be forced to seek a continuance of the final protective order hearing.

## **E. Prayer**

12.     For these reasons, Mr. Retzlaff asks the court to set this motion for

hearing and, after the hearing, to issue an order granting him leave to take

the oral deposition of James McGibney and any other witnesses Mr. retzlaff

needs.

Respectfully submitted,

Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
(210) 317-9800
email: Retzlaff@texas.net

Petitioner, pro se

## **CERTIFICATE OF CONFERENCE**

I certify that on May 29, 2020, I conferred with respondent, Jason Van Dyke, and he said he is opposed to this request and that he is further opposed to a continuance of the trial.

_____
Thomas Retzlaff

## **CERTIFICATE OF SERVICE**

I certify that on May 29, 2020, a copy of this document was electronically filed with the Texas e-Filing system, which will automatically serve a Notice of Electronic Filing on the following counsel of record:

**Jason Lee Van Dyke – respondent, pro se**

_____
Thomas Retzlaff

# Exhibit 7

# Fwd: Privileged Settlement Communication

Received: **Monday, March 23, 2020 12:28 AM**

From: **Jason Van Dyke jasonleevandyke@gmail.com**

To: **jasonleevandyke@protonmail.com**

---------- Forwarded message ----------
From: **Jeffrey Dorrell** <JDorrell@hanszenlaporte.com>
Date: Sun, Mar 22, 2020 at 5:03 PM
Subject: Privileged Settlement Communication
To: Jason Van Dyke <jasonleevandyke@gmail.com>
Cc: Julie Devlin <JDevlin@hanszenlaporte.com>

Counsel:

My client has asked me to convey that he will release all claims in all suits in which you are an adverse party in exchange for your agreement to pay him $500,000.00.  He will consider payment terms, provided the settlement amount is secured by an interest in real property or by an agreed judgment in Retzlaff's favor in the amount of $1,000,000.00, to be filed and abstracted only if there is a default.

This offer is good for your written acceptance until 5:00 PM March 31, 2020, at which time it expires without further notice.  This offer is contingent upon your agreement to simultaneously release all of your claims against Retzlaff in all suits.  It is also contingent upon execution of a full, final, global release and settlement agreement.

Regards,

Jeff


HANSZEN❖LAPORTE
ATTORNEYS AT LAW

**Jeffrey L. Dorrell**
Board Certified—Civil Trial Law
Texas Board of Legal Specialization
Equity Partner

jdorrell@hanszenlaporte.com    hanszenlaporte.com
p: 713-522-9444   f: 713-524-2580
14201 Memorial Drive, Houston, Texas 77079

--
Jason L. Van Dyke
Attorney at Law, Receiver
200 Chisholm Place, #250
Plano, TX 75075
P - (469) 964-5346
F - (972) 421-1830
jason@vandykelawfirm.com

# Exhibit 8

Apr 11 08 02:44a     Tom Retzlaff                            210-521-9146          p.2

## Thomas C. Retzlaff
Post Office Box 92
San Antonio, Texas 78291-0092
Telephone: (210) 317-9800
Facsimile: (210) 521-9146
E-Mail: retzlaff@texas.net

April 11, 2008

Lars Hagen
Assistant Attorney General
General Litigation Division
PO Box 12548
Austin, Texas 78711-2548

Re: Retzlaff v. UTSA

Dear Mr. Hagen,

I supposed you are wondering why I am writing you at 2:30 in the morning instead of in bed asleep.  Basically it is because I am very angry.  Angry at myself for even considering settling with UTSA.  And the more I have been thinking about it, the more I get upset at myself.

You see, I don't like people thinking that they can just fuck me over without any kind of repercussions or consequences.  As an example I would mention to you a lawsuit that I filed against my prison warden for him 'bumping' into me in a hallway.  He actually did it on purpose because he was a jerk.  So I filed a lawsuit and got a jury trial that cost the State many thousands of dollars.  In my final jury argument I told the jury that they did not have to give me a dime, that it wasn't about the money (it really wasn't).  The guy tried to retaliate against me by having me thrown in solitary and taking away my TV, radio and stuff.  I didn't care.  I was on a mission from God to get this guy fired, and that is exactly what ended up happening soon thereafter.

It is my full and complete intention to shut down UTSA's Chinese student exchange program.  I don't want a bunch of god damn commies running around in my country spying and stuff.

I have full and complete confidence that I can beat this disciplinary case.  There are about ten possible punishments that I could receive, assuming I am found 'guilty.'  Only one of them – expulsion, is bad for me.  The rest are good.  Oh, and I guess I should mention that the Rules only allow them to give me one punishment from the list of punishments.  You aren't allowed to pile on different types of punishments.  And retroactive expulsion isn't one of the authorized types of punishment.  So Todd Wollenzier can get bent.

You should know that I will be submitting evidence at the hearing that it was not me who submitted the email that had the personal statement in question in it.  I could submit evidence

EXHIBIT
**B**

73

that I was in the hospital then on account of the arm surgery that I had. And if it was not me, I cannot be held responsible for something that I did not even know about or authorize!

Regarding the harassment charge, you should know that the Texas Court of Appeals has recently declared Penal Code Section 42.07(a)(7) (email harassment) to be **unconstitutional**. The Court specifically said: *The First Amendment does not permit the outlawing of conduct merely because the speaker intends to annoy the listener and a reasonable person would in fact be annoyed. Many legitimate political protests, for example, contain both of these elements.*

Obviously UTSA cannot punish me for engaging in activities that are protected under the Constitution!!!

So there goes that portion of the case, too. Which leaves them with nothing.

So I am very, very, very confident that I can beat this case. And then I will rub the faces in it every opportunity I get! Because I hate them so very, very much.

I am also pissed off about this letter that Gail Jensen wrote to some local judges about me. I will be filing a complaint with the State Bar and I am planning on filing a defamation lawsuit (since she lied about me) and a civil rights suit since she is trying to deny me my Access to Courts rights.

While you say that these lawsuits don't really affect them and it isn't costing them anything, I don't really care because I just do not believe it. And even if that is true, my filing lawsuits and dragging their asses into court and into depositions is a kind of therapy for me. It lets me work off my extreme hate that I have for these people in a manner that is both productive and beneficial to me.

There is certainly an opportunity cost to them as time they spend away from work dealing with this stuff is time away from their normal duties. Plus, it puts them from an environment where they control into one that I control, which makes me feel good.

Yes, I am probably a bit irrational. But I don't care. The very worst that they can do to me is get me expelled from school, which really isn't that much.

When you called me I was at the copy machine store downtown near the courthouse. I was busy making copies of the lawsuits that I had planned on filing yesterday. I got a bunch of them. Because I hate them so very, very much. And it is the hate that motivates me.

Sometimes I think its okay for me to settle, but most of the time I do not. While $75 grand is a nice piece of change, it would not really alter my life all that much. My family is pretty wealthy so it's not like $75,000 will make that much of a difference. But it would make settlement more palatable.

So if they want to settle they had better make it quick before I decide to change my mind.

Sincerely yours,

Tom Retzlaff

# Exhibit 9

Judge Beth Freeman
Courtroom 3 - 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113                                December 11, 2014

Re:  ViaView v Retzlaff, et al.
     Case No. 5:14-cv-01059-BLF

Dear Judge Freeman:

        A copy of this letter has been filed with PACER and delivered to all parties of

record, as outlined below.

        In an abundance of caution I wish to inform you that we will soon be engaging in

discovery against plaintiffs James McGibney and ViaView in the form of noticing

McGibney to appear for a deposition in the state of Texas, as well as ordering him and

ViaView to produce numerous personal and financial records.

        While I understand that there is an anti-SLAPP motion (that I filed) pending

before this Court, and that there is an automatic stay in discovery as a result, the

questioning of McGibney under oath and the document production will all be taking

place as a result of the recent Texas appellate court decision in an ongoing lawsuit

involving the parties that was filed prior to this federal lawsuit.

        As you know, I have repeatedly pointed out to this Court that McGibney and his

attorney Jay Leiderman are nothing but legal terrorists who are engaging in a cross-

country SLAPP spree.  One of the SLAPP suits they filed was against me (and my co-

defendants here) in Texas state district court in Fort Worth, Case No. 067-270-699-14,

styled *James McGibney v. Thomas Retzlaff, et al.*  In a case that was argued by Houston,

1

TX attorney Jeffrey Dorrell, in which I participated, the Texas Second Court of Appeals in Fort Worth, in case No. 2-14-00215-CV, just issued an opinion today determining that, in fact, McGibney has violated the law by filing a SLAPP lawsuit against me and the other defendants.  The appellate court has remanded the case back to the trial court for proceedings to assess attorney's fees and sanctions.  Such an award is mandatory under Texas law.  See Texas Civil Practice & Remedies Code § 27.009.

As such, it will be necessary to conduct a deposition of James McGibney so as to find out various things that will be relevant to the amount of sanctions that the trial court will award as punishment for McGibney's illegal conduct, and to compensate us for the damages that he has caused.

The topics that will be explored will clearly be relevant to this case here in your court, Judge Freeman.

We will be specifically questioning McGibney on the identities of his associates and the activities they have engaged in together, such as:  Adam Steinbaugh, McGibney's Twitter side-kicks *CattyIdiot* (@CattyIdiot, among other aliases) (an as yet unidentified middle-aged white male) and *Cpt. Obvious* (@Captian_0, among other aliases) (a man alleged to be Robert Lewis (Rob) Holmes), Kirsten Claire Olson-Curry, Carolyn Joy Dean-Pillutla, Philip R. Klein, Deric Lostutter, and Tracey A. Glass.

I am particularly curious as to exactly how it was the McGibney created the FAKE "evidence" that he used to lie and get my co-defendant Lane Lipton brought into court here and who exactly helped him with this.

2

Subpoenas will be issued for McGibney's computer records, internet & telephone records, financial records, and anything else that we can think of that will be remotely relevant to determining the amount of sanctions to be awarded – a very broad and comprehensive category, as you well know.  McGibney will also be questioned about his annoying habit of buying up websites in the names of people – to include attorneys defending against his SLAPP suits, and as such, subpoenas will be issued to GoDaddy and other web hosting companies.

I am letting you know all of this now ahead of time because I can practically hear the crying of opposing counsel as I type this letter up to you about how I am violating the anti-SLAPP discovery stay.  But, see, unlike Leiderman, I am not doing this unhandedly like he did when he tried to use a bogus restraining order case in Santa Clara county court to get subpoenas on me and my fellow co-defendants in violation of the law.

The Texas case was filed first.  We also have the Texas Court of Appeals supporting my position that this lawsuit here, in your court, is nothing by a SLAPP lawsuit and that McGibney and his attorney have violated the law by filing it.  Thus, they will soon be facing Texas justice in the form of $1 million in sanctions and over $200,000 in attorney's fees – which will make it the largest anti-SLAPP award in the history of the country!

I am very much looking forward to this opportunity to have a 'free shot' against McGibney, and both I and Mr. Dorrell will certainly make the most of it – you can bet on it!

3

Thank you for your time.

Respectfully yours,

 /s/ Tom Retzlaff
Tom Retzlaff
PO Box 92
San Antonio, Texas 78291-0092

Defendant, pro se

Cc

Jason Leiderman
Attorney for Plaintiffs
5740 Ralston Street, Suite 300
Ventura, CA 93003
California Counsel for Plaintiffs

Clark Anthony Braunstein
*Braunstein & Braunstein, P.C.*
11755 Wilshire Boulevard, Ste. 2140
Los Angeles, CA 90025
Counsel for defendant Lane Lipton

Mr. Joseph W. Spence
Mr. Paul F. Gianni
*Shannon, Gracey, Ratliff & Miller, L.L.P.*
420 Commerce Street, Suite 500
Fort Worth, Texas 76102
Telephone: 817-336-9333
FAX: 817-336-3735
Texas Counsel for Plaintiffs

Jeffrey L. Dorrell
Philip A. Meyer
*Hanszen & Laporte*
11767 Katy Freeway, Suite 850
Houston, TX 77079

4

# Exhibit 10

CAUSE NO. 20-2579-431

| | | |
|---|---|---|
| THOMAS RETZLAFF, | § | IN THE DISTRICT COURT |
|   Petitioner, | § | |
| | § | |
| Vs. | § | OF DENTON COUNTY, TEXAS |
| | § | |
| JASON LEE VAN DYKE, | § | |
|   Respondent. | § | 431st JUDICIAL DISTRICT |

## PETITONER'S REQUEST FOR ISSUANCE OF A BENCH WARRANT FOR THE ARREST OF FUGITIVE WITNESS JAMES ALEXANDER MCGIBNEY

Petitioner asks the court to issue a bench warrant or writ of attachment for the arrest of James A. McGibney for refusing to attend a deposition, as provided by Texas Code of Criminal Procedure Chapter 24.

## A. INTRODUCTION

1.    Petitioner is Thomas Retzlaff; respondent is Jason Lee Van Dyke.

2.    This case involves a sexual assault / stalking / human trafficking victim application for order of protection brought pursuant to Texas Code of Criminal Procedure Chapter 7A.  An order of protection is being sought against Jason Lee Van Dyke, who is the leader of the *Proud Boys* white

1

supremacist gang, regarding acts of stalking, threats of violence, and threats

of murder committed by Van Dyke against Mr. Retzlaff due to Mr. Retzlaff

being a witness against Van Dyke in various State Bar disciplinary

proceedings (for which Van Dyke was recently given yet another suspension

and fine), as well as Mr. Retzlaff being a witness for the prosecution in Van

Dyke's ongoing criminal cases.

3.     A hearing on the application for protective order is set for June 29,

2020.


## B. Facts

4.     James Alexander McGibney is a fellow member of the white

supremacist gang the *Proud Boys*.[1]  He also runs a revenge pornography

website that posts the intimate photographs of young girls whom McGibney

then sexual blackmails by threatening to post their personal information and

make defamatory statements about them unless these girls and their families

pay him $499.  McGibney's business model is called "Crowd Sourced

Blackmailing."

---

[1]     The *Proud Boys* has been designated as a hate group by the Southern Poverty Law Center.  The Anti-Defamation League describes the organization as a misogynistic, Islamophobic, transphobic and anti-immigrant extremist group with some members that "espouse white supremacist and anti-Semitic ideologies."  It has more than 10,000 members across the country and has been responsible for numerous acts of political and racial violence, to include organizing the *Unite the Right* rally in Charlottesville, VA, in August 2017 in which one woman was murdered and dozens injured.

2

5.      On May 19, 2020, respondent Van Dyke filed a First Amended

Answer in which he outlined various "affirmative defenses." On May 29,

2020, Van Dyke filed his First Amended Answers to Interrogatories in

which he identified McGibney as his "main witness" in support of his

affirmative defenses and stated that he would be a person called upon to

testify regarding this at trial. See Van Dyke's Amended Interrogatory

Answers, numbers 2(b) and 20.

6.      In a concurrent federal lawsuit involving the parties (*Van Dyke v.

Retzlaff*, Case No. 4:18-cv-00247, filed in the U.S. District Court for the

Eastern District of Texas), Van Dyke also listed McGibney as his "main

witness" and a person whom he will call upon at trial to testify.

7.      As a result of both of these revelations, a federal subpoena was issued

notifying McGibney that he was required to attend a deposition on June 17,

2020, in Austin, Texas. **See attached Exhibit 1**. He failed to appear. (This

is the second time that McGibney has failed to appear at a properly noticed

deposition, with the first being on June 8, 2020.)

8.      In addition to being a member of the *Proud Boys* white supremacist

gang, James Alexander McGibney frequently brags in news media

interviews to having an "Online Army of Trolls" at his disposal and of being

a leader within the illegal hacking groups *Anonymous* and *The Rustle*

*League*.[2]  Several of McGibney's followers / hired employees have recently

been arrested by federal authorities and are doing hard time for computer

related crimes:

    a) Deric Lostutter (Case # 5:2016-cr-00062 in the E.D. of KY – 2 years federal prison for cyberstalking, computer hacking, and lying to the FBI).

    b) Justin Liverman (Case # 1:16-cr-00313 in the E.D. of VA – 5 years federal prison for hacking the personal email accounts of the CIA director and the National Security Director, "doxing" government officials, and making bomb threats).

    c) Matthew Keys (Case # 2:13-cr-00082 in the E.D. of Calif – 2 years in federal prison for computer hacking).

    d) And one associate, Christopher Doyon (aka "Commander X") is still on the run from the FBI today (Case # 5:11-cr-00683 in the N.D. of Calif).

9.    Both McGibney and Van Dyke have been involved in recent attempts

at SWATting Mr. Retzlaff and his family members.  Recently, McGibney

posted 'revenge porn' photographs of Mr. Retzlaff's daughter, Brittany, on

his Cheaterville.com website along with highly defamatory claims about her

---

[2]    See, e.g., *Vigilanteville: James McGibney and his online army*, published Oct 7, 2014, in Al Jazeera America (online at:  http://america.aljazeera.com/articles/2014/10/7/james-mcgibney-bullyville.html and *James McGibney: Digital Vigilante*, published Feb 25, 2016, in the UK Edition of Wired Magazine (online at: https://www.wired.co.uk/article/james-mcgibney-troll-hunter) and *The Bully Waging War Against Bullies*, published July 11, 2017, in The Daily Beast (online at: https://www.thedailybeast.com/the-bully-waging-war-against-bullies).

4

and Mr. Retzlaff. McGibney later sued Mr. Retzlaff in a series of SLAPP lawsuits filed in both California and Texas, which resulted in him being hit with court sanctions and attorney's fees of $1.3 million for violating the Texas anti-SLAPP statute. See *McGibney v. Retzlaff, et al*, Case # 067-270669-14, filed in the 67th District Court of Tarrant County, Texas, final judgment dated December 30, 2015.

10.    As a member and leader within the hacking group *Anonymous*, McGibney (who works in the IT department at the Pflugerville, Texas, location of Rosendin Electric) has bragged in news articles and on social media about having access to, and utilizing, the *Shadow Brokers / Anonymous* 'leaked' hacking tools belonging to the NSA's Office of Tailored Access Operations (such as *EternalBlue*), which is easily available online. McGibney claims to be an expert in this kind of stuff (he testified to that under oath in one of the SLAPP lawsuits he filed against Mr. Retzlaff), and in an interview with *Wired Magazine* in April 2016 he claimed to have used such tools in the past against such personal "enemies" as Hunter Moore and others whom he stalks!

11.    As evidenced by the attached affidavits from various process servers, McGibney has repeatedly been evading service of the subpoena, in violation

5

of the law.  No less than 16 separate attempts were made to serve McGibney at his home and work locations in Williamson County, Texas.  **See attached Exhibits 2 – 4.**  McGibney's supervisor at the Pflugerville location of Rosendin Electric, John Colley, was personally informed about the two federal subpoenas and has failed to cooperate.[3]

12.     Mr. Retzlaff provides the court with all of this information so that the court knows that it is dealing with a slippery character who regularly acts outside of the law and social norms the rest of us take for granted; thus, the only certain way of securing McGibney's appearance for court hearings and depositions is for the court to issue a bench warrant / writ of attachment for the following individual:

> James Alexander McGibney
> DOB: Oct 31, 1973
> TX DL#
> SSN:
>
> Home:
> 4305 Ridgebend Dr.
> Round Rock, TX 78665-5009
>
> Work:
> Rosendin Electric, Inc.
> 1033 Meister Ln., Ste. 100
> Pflugerville, TX 78660

---

[3]     John Arthur Colley resides at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nd Mr. Retzlaff will shortly be requesting the Clerk to issue a subpoena for him so he can be questioned under oath about this obstruction of justice.

13.     In addition to McGibney's association with the *Proud Boys* white supremacist gang, it appears from various social media posts that McGibney is also linked to the *Boogaloo Movement* – a right-wing extremist group that harbors a mistrust of law enforcement and government, and anticipates a second American Civil War, referred to as the "boogaloo."[4]  During a May 28, 2020, deposition in this case, Van Dyke admitted to speaking with McGibney on at least a weekly basis for the past two or more years.   Mr. Retzlaff requested that he make his "main witness" available for deposition, but Van Dyke refused.

## C. Prayer

14.     Mr. Retzlaff has a Sixth Amendment right to confront and question the witnesses against him.   Van Dyke has identified McGibney as his "main witness" in this case.   For these reasons, Mr. Retzlaff asks the court to issue a bench warrant / writ of attachment ordering law enforcement officers to arrest James Alexander McGibney and hold him in custody until a deposition can take place and trial be had in this case.

---

[4]     Two members of McGibney's *boogaloo* group were arrested this week for the murder of several law enforcement officers in northern California.

7

Respectfully submitted,

Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
(210) 317-9800

email: Retzlaff@texas.net

Petitioner, pro se

8

## CERTIFICATE OF CONFERENCE

I certify that on June 16, 2020, I conferred with respondent, Jason Van

Dyke, and he said he was not going to produce McGibney for a deposition.

_____

Thomas Retzlaff

9