IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | |
|---|---|
| **JASON LEE VAN DYKE**, § <br> *Plaintiff,* § <br> **v.** § <br> § <br> **THOMAS CHRISTOPHER** § <br> **RETZLAFF, a/k/a DEAN** § <br> **ANDERSON, d/b/a BV FILES, VIA** § <br> **VIEW FILES, L.L.C., and VIAVIEW** § <br> **FILES,** § <br> *Defendants* § | **NO. 1:20-MC-657-LY** |

**RETZLAFF'S MOTION TO STRIKE NONPARTY MOVANT JAMES MCGIBNEY'S MOTION TO QUASH (DOC. 1)**

**I. INTRODUCTION**

1.     Plaintiff Jason Van Dyke[1] sued defendant Thomas Retzlaff for **$100,000,000.00** for libel and other causes of action after Retzlaff filed a grievance against Van Dyke with the State Bar of Texas.[2]

2.     Van Dyke's suit is pending as No. 4:18-CV-247-ALM; ***Van Dyke v. Retzlaff***; in the U.S. District Court for the Eastern District of Texas.

3.     The discovery period in the Eastern District case ended on June 23, 2020.  **Exhibit 1**.

4.     The case is set for trial in the Eastern District between January 4, 2020, and January 29, 2021.  *Id*.

---

[1]     Van Dyke is an attorney whose his license to practice law in Texas is currently suspended.  Van Dyke represents himself in this case *pro se*.

[2]     Van Dyke denies the grievance is the basis of his claims.  Plaintiff's Third Amended Complaint ("TAC") ¶ 5.33.

## II. FACTS

5. Van Dyke designated nonparty James McGibney as a person with knowledge of relevant facts in his two-year-old libel suit against Retzlaff pending in the Eastern District of Texas. Exhibit 2, p. 4.

6. On June 1, 2020, Retzlaff issued a subpoena for the deposition of McGibney to take place in Austin, Texas, near McGibney's home. Starting on June 2, 2020, McGibney evaded attempts to serve Retzlaff's subpoena both at McGibney's home and office at least ten times. Two more subpoenas were issued when the first two dates selected passed without McGibney's having been served.

7. McGibney has never been served with any subpoena for his deposition.

8. On June 22, 2020, McGibney filed an "emergency" motion to quash the unserved subpoena in the U.S. District Court for the Eastern District of Texas. Exhibit 3. The Honorable Amos L. Mazzant, III, dismissed McGibney's motion as filed in an improper court. *See* FED. R. CIV. P. 45(d)(3). Exhibit 4.

9. On June 23, 2020, McGibney refiled his "emergency" motion in this Court (Doc. 1).

### III. ARGUMENT & AUTHORITIES

### A. McGibney's "Emergency" Motion Exceeds the Length Limitation of Local Rules

10.     Unless otherwise authorized by a court, a nondispositive motion is limited to 10 pages, exclusive of the caption, signature block, any certificates, and accompanying documents.  L.R. CV-7(d)(3).  McGibney's rambling, repetitive screed (Doc. 1) is 14 pages in length.  The motion includes a tedious list of personal resentments and petty grievances—none of which justifies the Court's denying Retzlaff the opportunity to depose a key witness in this suit.  The motion is accompanied by 75 pages of exhibits.  The Court should strike McGibney's noncompliant motion.

### B. McGibney Failed to Serve His "Emergency" Motion Upon Retzlaff

11.     The certificate of service on McGibney's "emergency" motion (Doc. 1) falsely certifies that he served his motion to the undersigned counsel "on June **22**, 2020."  Exhibit 5, p. 14.  He could not have.  McGibney's motion did not exist until June **23,** 2020—when it was filed in *this* Court after U.S District Judge Amos Mazzant of the Eastern District dismissed it.  Exhibit 4.  In this Court, Retzlaff is an unrepresented party.  The undersigned counsel did not enter an appearance in the instant matter until the filing of the instant motion to strike on June 30, 2020.  What McGibney served on June 22, 2020, was Doc. 183 filed in the *Eastern* District.

### C. There is No "Emergency"

12.     McGibney makes no effort to explain how his "boy-who-cried-wolf" motion to quash qualifies as an "emergency." The date for compliance has passed. No harm—imminent, irreparable, or any other kind—will result if the Court does not grant McGibney's motion.  McGibney is not obliged to appear or to produce documents. Thus, McGibney's rights cannot be in imminent danger of destruction.

### IV. CONCLUSION & PRAYER

13.     For these reasons, Retzlaff asks the Court to strike nonparty movant James McGibney's "emergency" motion to quash (Doc. 1) for failing to comply with local rules.  In the alternative, Retzlaff asks the Court to order that Retlzaff have until seven days after McGibney has filed an amended motion complying with the length limitation of local rules to file a response, as allowed by L.R. CV-7(e)(2).  Retzlaff prays for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that on ___6-30___, 2020, I e-mailed nonparty movant James McGibney and advised I would be filing the foregoing motion to strike. I advised I would notify the Court that McGibney was OPPOSED to the motion unless he responded otherwise. At the time of filing this motion, McGibney had not responded otherwise. Therefore, movant McGibney may be presumed OPPOSED to the foregoing motion to strike his noncompliant "emergency" motion to quash.

___/s/ Jeffrey L. Dorrell___
**JEFFREY L. DORRELL**

## CERTIFICATE OF SERVICE

I hereby certify that on ___6-30___, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to all persons who are registered ECF filer in the United States District Court for the Western District of Texas. In addition, the foregoing was served upon nonparty movant James McGibney by e-mail at james@bullyville.com.

___/s/ Jeffrey L. Dorrell___
**JEFFREY L. DORRELL**