Thomas Retzlaff
2402 E. Esplanade Ln.
PO Box 46424
Phoenix, Arizona 85063-6424
210-317-9800
Retzlaff@texas.net

June 28, 2020

The Honorable Mark Lane
U.S. Magistrate Judge
501 West 5th Street, Suite 7400
Austin, Texas 78701

Re:   Cause No. 1:20-MC-00657-LY; *Van Dyke v. Retzlaff*; in the U.S.
      District Court for the Western District of Texas.

### NOTICE OF REOPENING OF DISCOVERY PERIOD & DEPOSITION NOTICE FOR JAMES MCGIBNEY

Dear Judge Lane:

I wish to make you aware of a recent development in state court litigation involving myself and plaintiff Jason Lee Van Dyke that is relevant to your decisions in this case here. *Retzlaff v. Van Dyke*, 431st District Court of Denton County, Texas, Case # 20-2579-431.

As you know, former attorney Jason Lee Van Dyke just finished riding out a 12-month total state bar suspension after pleaded guilty to making repeated threats to murder me and my family. Based on a new grievance I filed, he is now suspended until Oct 31, 2021.

As you also know, Van Dyke is the leader of a violent white supremacist street gang that claims over 10,000 members which has been responsible for a series of violent political and racial assaults all across the country. In March of this year I was provided with an audio recording made by an FBI informant who went into Van Dyke's home in Denton County and recorded Van Dyke and other members of this street gang plotting to

assassinate me, my attorney (Jeffrey Dorrell), a Dallas area dentist named Dr. Ryan Daniel, as well as a Denton City Councilwoman and a state bar prosecutor.  As a result, I filed for a criminal order of protection pursuant to Texas Code of Criminal Procedure Chapter 7A.

The trial date has been canceled and the trial judge just signed the attached order re-opening up the discovery period.

The movant in the case before you, James McGibney, is a white supremacist and a close associate of Van Dyke.  In a May 28th deposition, Van Dyke admitted to having weekly phone calls with McGibney going back to at least January of 2018.  Furthermore, Van Dyke admitted to having received information and materials from McGibney about me and my family (which McGibney obtained from this FBI guy Walker Wicevich) which aided Van Dyke in his assassination plot to murder me, my lawyer (who is involved in defending me and several others a separate lawsuit McGibney filed against me in Fort Worth), and several others.  Clearly this testimony and information is relevant to my criminal protective order case.

Furthermore, Van Dyke claims McGibney has evidence and testimony that support his claimed "affirmative defenses" to my criminal protective order case.

This evening I sent McGibney a letter requesting that he voluntarily accept a deposition subpoena for him.  As you know from this federal case, McGibney evaded service of process for over three weeks – at great expense to myself – by him playing games with the process servers.

I have been told that in Texas any random person who is not a party to the case and is 18 years of age or older may serve a subpoena.  That means, I suppose, that I could post an ad on Craigslist offering $1000 cash to the first person who is 18 years old or older and can get McGibney served, right?  Which seems perfectly reasonable since it cost me much more than that in process server fees the last time around.

I do not know if you have any ability or authority to help here, but I thought I would ask.  Any decision you make in this case could possibly affect my ability to compel McGibney's testimony in other cases, you know.  My Constitutional rights are at stake here, along with my ability to defend myself in these SLAPP lawsuits filed by drug addled lunatics.

Respectfully,

_____

Thomas Retzlaff

## **CERTIFICATE OF SERVICE**

I certify that on June 30, 2020, a copy of this document was delivered to the US District Court Clerk's office by the electronic dropbox, which will automatically serve a Notice of Electronic Filing on all parties of record.

_____

Thomas Retzlaff

CAUSE NO. 20-2579-431

| | | |
|---|---|---|
| **THOMAS RETZLAFF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **431st JUDICIAL DISTRICT** |
| | § | |
| **JASON LEE VAN DYKE** | § | **DENTON COUNTY, TEXAS** |

### SCHEDULING ORDER

On this date, the Court considered the above entitled and numbered cause and **ORDERED** the following deadlines or settings on the Court's docket:

**July 31, 2020 @** 5:00 PM      Deadline for completion of discovery.
Deadline to file all pre-trial motions ***and*** request hearing (by submission of pleadings). Hearing request must specify the title of the motion, date filed, and be directed to the court administrator by the deadline.

**August 7, 2020 @** 5:00 PM      Deadline to file response (if any) to pre-trial motions that have been set for hearing (by submission of pleadings) per timely request.

**August 11, 2020 @** 5:00 PM      Deadline to file reply (if any) to response to pre-trial motions that have been set for hearing (by submission of pleadings) per timely request.

**August 14, 2020 @** 5:00 PM      Pre-trial hearing on any motions timely filed and set for hearing (by submission of pleadings) per timely request.

**September 2, 2020 @** 8:30 AM      Trial before the Court (in person based upon the Court's prior findings)

If the case is not reached for trial on the scheduled date, or cannot be tried in person due to the ongoing pandemic, a new trial date will be set. However, these deadlines *will not* be extended *unless* approved by the Court through the entry of a new scheduling order.

**SO ORDERED on June 30, 2020.**


_____
**JUDGE PRESIDING**

James McGibney
4305 Ridgebend Dr
Round Rock, TX 78665                                June 30, 2020

**Served via Texas e-Filing system**


Re:  Your deposition
     *Retzlaff v. Van Dyke*,
     431st District Court of Denton County
     Case # 20-2579-431

McGibney,

As provided by Texas Rules of Civil Procedure 199.2(b)(5) and 205.1(c), I got a deposition subpoena with your name on it!  I just need to know whether or not you are going to play games, again, with the process servers and constables or if you will simply agree to accept your subpoena like a man?

The voluntary acceptance of the subpoena will not prevent you from filing a motion to quash.  It just saves time and hassle.

Attached is a list of things that I will want you to produce for your deposition so we can have something to talk about.  Such as this social media post by you:



I would like to know what it means for you to be a "central repository for evidence collection" and I am deeply curious to see whether or not this Walker Wicevich guy is willing to sign a Declaration saying that he authorized you to receive child pornography and to share links with child pornography websites with others (such as your "hard hittin' crew" whom you so often times brag about).  Back when you had that @Bullyville twitter account, you would often times Tweet about how people were sending you child porn or links to child porn websites and about your "work" for the FBI.

As evidence by the above Tweet, you seem to like to refer a lot of people to the FBI for investigation and you brag about your association with them.  Besides myself (of course), I am curious to find out how many others on your enemies list that you have referred to the FBI for investigation.

In any event, I need to know whether or not you are going to dick around with this or if you will simply accept the subpoena.  Keep in mind

that I will be suing you for all the monies I have had to spend on those

process servers for the three weeks you spent evading them and playing

games.  Under the law, I am absolutely entitled to compensation.

     I need your answer ASAP.


Respectfully,


_____

Thomas Retzlaff
2402 E. Esplanade Ln.
PO Box 46424
Phoenix, AZ 85063-6424
ph# 210-317-9800
Retzlaff@texas.net

## **<u>DOCUMENTS TO BE PRODUCED</u>**

1. All documents reflecting communications between you (or from any other 3rd party) and Jason Lee Van Dyke, to include all emails, text messages and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

2. All documents supporting a claim that Thomas Retzlaff is the author of content on the "BV Files" blog located at www.ViaViewFiles.net.

3. All documents supporting a claim that Thomas Retzlaff is an administrator of, or otherwise exercising control over, the *BV Files* blog.

4. All documents pertaining to any technical, scientific, or investigative methods you have used to determine that Thomas Retzlaff is an owner, administrator, author, or contributor of content to the "BV Files" blog located at www.ViaViewFiles.net.

5. Your most current resume.

6. All documents evidencing any computer technology and investigative training you have had, including college degrees, diplomas, certificates, or transcripts of course work.

7. All documents evidencing any special skills in computer technology you claim to possess, including college degrees, diplomas, certificates, or transcripts of course work.

8. All documents reflecting communications between you and Philip Klein, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

9. All documents reflecting communications between you and Brittany Retzlaff, including audio recordings, letters, reports, e-

mails, text messages, drafts of affidavits, interlineated comments on drafts of affidavits. and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

10. All documents reflecting communications between you and Collin Retzlaff, including audio recordings, letters, reports, e-mails, text messages, drafts of affidavits, interlineated comments on drafts of affidavits. and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

11. All communications between you and Walker Wicevich, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

12. All communications between you and any representative of the FBI, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

13. All communications referencing or pertaining to Thomas Retzlaff between you and any member of local, state, or federal law enforcement.

14. Copies of any law enforcement reports, complaints, and communications, you have filed, submitted, or transmitted that reference or pertain to Thomas Retzlaff from January 1, 2014, to the date of your response.

15. All documents reflecting any surveillance activities performed by you or at your request on Thomas Retzlaff or any of his family members from January 1, 2014, to the date of your response.

16. All communications between you and any family member of Thomas Retzlaff, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.