**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JASON LEE VAN DYKE,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| **THOMAS CHRISTOPHER RETZLAFF** | § | **No. 1:20-MC-657 (LY-ML)** |
| **ET AL,** | § | |
| **Defendants.** | § | |
| | § | |

## <u>ORDER</u>

Before the court are Emergency Motion to Quash Subpoena (Dkt. #1), Plaintiff's Response in Support of Motion to Quash (Dkt. #2), United States' Amended Motion to Quash Subpoena of FBI Witness James McGibney and Motion to Transfer (Dkt. #5), Defendant's Notice of Filing Subpoena Request (Dkt. #10), Defendant's Emergency Notice of Deprivation of Due Process by Failure to Serve (Dkt. #11), Motion to Strike (Dkt. #13), Motion to Quash Subpoena (Dkt. #14), Motion for Sanctions (Dkt. #19) and Motion to Strike Nonparty Movant James McGibney's Motion to Quash (Doc.1) (Dkt. #21). Having considered the parties' written submissions, the applicable law, the case file as a whole, and after determining that a hearing on the matter is not necessary, the court makes the following findings.[1]

---

[1] On June 24, 2020, United States District Judge Yeakel specifically referred the motion (Dkt. #5) to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) or 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(c) or Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. #6. On June 30, 2020, this referral was later expanded to a case referral pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules (Dkt. #20).

## I.   BACKGROUND

The background of this case is set forth in the United States' motion and the corresponding responses. A detailed reiteration of that background is unnecessary to resolve the issues before the court.

In summary, the United States and the subject of a third-party subpoena, James McGibney (McGibney), seek to either quash McGibney's subpoena duces tecum or transfer the motion to quash to the Eastern District of Texas for resolution. The third-party subpoena was issued at the request of Thomas C. Retzlaff (Defendant Retzlaff), a defendant in a civil defamation case pending before United States District Judge Amos L. Mazzant in the Eastern District of Texas, Sherman Division. *Van Dyke v. Retzlaff et al.*, Cause No. 4-18-CV-247. The subject of the subpoena, McGibney, resides in the Austin Division of the Western District of Texas.

## II.   ANALYSIS

The court's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.*, FED. R. CIV. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which reads:

> (f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

FED. R. CIV. P. 45(f). The Advisory Committee's comments to the amendment indicate that "[t]o protect local non-parties, local resolution of disputes about subpoenas is assured by the limitations

of [Rule 45] . . . that motions be made in the court in which compliance is required under Rule 45." FED. R. CIV. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). The Notes state further, however, that "transfer to the court where the action is pending is sometimes warranted," and "the prime concern should be avoiding burdens on local nonparties." *Id*. The Committee counsels that transfer is appropriate when the interests in having the issuing court decide the discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion." *Id*. The Committee note to Rule 45(f) explains that in "some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id*.

Rule 45(f) authorizes transfer if the individual subject to the subpoena consents to the transfer. The court notes that McGibney has filed a notice indicating his consent to the transfer of this matter to the Eastern District of Texas, Sherman Division for resolution. Dkt. #17.

Rule 45(f) also authorizes transfer given exceptional circumstances. In this case, exceptional circumstances exist to warrant transfer. This is case of exceptional circumstances for all of the reasons set forth in the parties' motions to quash and the corresponding responses. In summary, these circumstances include but are not limited to the following:

*1.*    The existence of a complex defamation lawsuit that has been pending in the United States District Court for the Eastern District of Texas- Sherman Division since April 10, 2018.
*2.*    Defendant Retzlaff, Plaintiff Van Dyke and McGibney have a lengthy tortured history.
*3.*    The United States is conducting an independent federal criminal investigation against Defendant Retzlaff.
*4.*    The subject of the third-party subpoena, McGibney, is a cooperating FBI witness in the independent federal criminal investigation.
*5.*    The presiding judge in the pending civil litigation in the Eastern District of Texas has recently ruled on a similar subpoena request by Defendant Retzlaff. In

that instance, the District Judge quashed a subpoena based on the existence of a law enforcement privilege.

6.      The hysterical nature of the pleadings that have been filed by Plaintiff Van Dyke and Defendant Retzlaff in this case.

Accordingly, the court will order the motions to quash McGibney's subpoena be transferred to the United States District Court for the Eastern District of Texas, Sherman Division.

Defendant Retzlaff has also sought and obtained the issuance of a subpoena directed to GoDaddy.com (Dkt. #10 and #12) in conjunction with his efforts to subpoena McGibney. Plaintiff Van Dyke asks this court to quash that subpoena because (a) discovery has closed in the underlying civil litigation pending in the Eastern District of Texas; (b) Defendant Retzlaff is proceeding pro se in this matter in the Austin Division although represented by counsel in the Eastern District of Texas civil litigation, and (c) Defendant Retzlaff's earlier effort to obtain the same subpoena to GoDaddy.com was quashed by a state district judge in a related matter (Cause No. 20-2579-431 out of the 431st Judicial District Court of Denton County, Texas). Ruling on Plaintiff Van Dyke's motion to quash the GoDaddy.com subpoena is not necessary.

Since this court has ordered the transfer of the parties' motions to quash, the court finds that Defendant Retzlaff's GoDaddy.com subpoena is unnecessary to the disposition of any matters pending in the Western District of Texas, Austin Division. The court accordingly *sua sponte* quashes the subpoena to GoDaddy.com issued by the Western District of Texas. Like the subpoena directed to McGibney, the propriety of Defendant Retzlaff's relentless efforts to subpoena GoDaddy.com are best left to the sound discretion of the United States District Court for the Eastern District of Texas, Sherman Division.

## III.   PLAINTIFF VAN DYKE

Plaintiff Van Dyke is either representing himself pro se in this cause or he is representing himself in his capacity as an attorney. Either way, he appears to be taking advantage of his ability

to access the CM/ECF system. This appears to be in direct violation of sanctions and suspension orders that have been issued in other forums.[2] As a consequence, this court denies Plaintiff Van Dyke's Motion to Strike (Dkt. #13) and Motion for Sanctions (Dkt. #19). Similarly, the court finds that Motion to Quash Subpoena (Dkt. #14) is rendered moot by the findings outlined above. Similarly, Defendant Retzlaff's Motion to Strike Nonparty Movant James McGibney's Motion to Quash (Doc.1) (Dkt. #21) is denied. This court declines to wade into the vitriol lodged by Plaintiff Van Dyke and Defendant Retzlaff against each other.

## IV.   CONCLUSION

Accordingly, for the reasons stated above, the court **GRANTS** United States' Amended Motion to Quash Subpoena of FBI Witness James McGibney and Motion to Transfer (Dkt. #5). The Clerk's office is **ORDERED** to transfer this entire matter to the Eastern District of Texas, Sherman Division.

The court further **ORDERS** that the subpoena issued to GoDaddy.com at the request of Defendant Retzlaff be **QUASHED** without prejudice to renew that request in an appropriate forum (Dkt. #10 and 12). Plaintiff Van Dyke's motions entitled Motion to Strike (Dkt. #13), Motion for Sanctions (Dkt. #19), and Motion to Strike Nonparty Movant James McGibney's Motion to Quash (Doc.1) (Dkt. #21) are **DENIED**.

Given the above orders, Plaintiff Van Dyke's motion entitled Motion to Quash Subpoena (Dkt. #14) is **MOOT.**

---

[2] For example, see Order issued by United States District Judge Jeremy D. Kernodle, Cause no. 6:20-MC-009:

> Finally, the Court notes that Mr. Van Dyke is currently representing himself as a *pro se* plaintiff in two matters pending in this District: (1) Case No. 4:18-cv-247, *Van Dyke v. Retzlaff* and (2) Case No. 4:19-cv-786, *Van Dyke v. Shackleford.* Docket No. 2 at 2. Mr. Van Dyke may retain his existing ECF login solely for purposes of docketing filings in these two cases as a *pro se* litigant. Any other use of his existing ECF login may result in additional sanctions. Dkt. #6 at 6.

The court also **ORDERS** that a copy of this order be delivered to Thomas C. Retzlaff by certified mail at his last known address and GoDaddy.com at the address listed in the aforementioned subpoena.

SIGNED July 1, 2020.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE