IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE<br>　　Plaintiff<br><br>v.<br><br>THOMAS CHRISTOPHER RETZLAFF<br>a/k/a Dean Anderson d/b/a BV Files, Via<br>View Files L.L.C., and ViaView Files<br>　　Defendant | §<br>§<br>§<br>§ Case No. 1:20-MC-657<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S NOTICE OF APPEAL TO DISTRICT JUDGE

Plaintiff, Jason Lee Van Dyke, files this notice of appeal to the district judge pursuant 28 U.S.C. § 636(b)(1)(A) of the order entered by the Honorable Mark Lane on July 1, 2020. ECC 25. Specifically, Plaintiff appeals of Section III of the order.

1. Plaintiff has notified the district clerk in the Western District of Texas of all disciplinary actions taken against him in accordance with Local Rule AT-7(e). He has not been notified of any disciplinary action against him by the Western District of Texas in accordance with Local Rule AT-7, and accordingly, is entitled to access his CM/ECF account in this district for the purpose of representing himself as he has in the above-captioned case. Had Plaintiff received an order from the Court not to access his CM/ECF account in this district for the purpose of litigating this case on his own behalf, he would have obeyed it.

2. The notion that Plaintiff has disobeyed any of the sanction or suspension orders of other jurisdictions is clearly erroneous. It is contrary to both the law and the local rules. The Eastern District of Texas and the Western District of Texas are two separate and distinct courts. They have different electronic filing systems and Plaintiff has a

different login and password for each system. However, the order entered by Magistrate Judge Lane treats them as though they were the same. Nevertheless, if this Court orders Plaintiff to stop using the CM/ECF system of the Western District of Texas for the purpose of representing himself in civil matters, he will certainly obey any such orders of the Court.

3. The notion that Plaintiff has used the processes of this Court to launch any form of "vitriol" against Defendant is also erroneous. It is Mr. Retzlaff who has filed multiple *pro se* letters in this Court launching attacks of a highly personal and scandalous nature against both Plaintiff and Mr. McGibney. Plaintiff's motions to strike such scandalous filings were clearly authorized under FRCP 12(f) and were denied for an improper purpose. This Court should reconsider and grant Plaintiff's motion to strike. Plaintiff does not appeal the denial of his motion for sanctions, but does appeal the basis for its denial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court set aside the clearly erroneous portions of Magistrate Judge Lane's order and enter a new order consistent with the law and the local rules.

    Respectfully submitted,

    /s/ Jason Lee Van Dyke
    Jason Lee Van Dyke
    PO Box 2618
    Decatur, TX 76234
    P – (940) 305-9242
    E – jasonleevandyke@protonmail.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, attorney for Defendant, and Kristian Baehr, attorney for the United States of America. I further certify that a true and correct copy of the foregoing has been served on James McGibney, by electronic means under FRCP 5(b)(2)(E).

I further certify that, on July 1, 2020, I contacted the chambers of the Honorable Mark Lane to determine how to serve a copy of this motion on Magistrate Judge Lane as required by 28 U.S.C. § 636(b)(1)(A). I was informed by Court staff that, if the document is electronically filed, further service is unnecessary.

                                            /s/ Jason Lee Van Dyke
                                            JASON LEE VAN DYKE